# SUPREME COURT.

## JOSEPH PROUDE agt. JOHN L. WHITON, Ex'r, &c.

Where a creditor holds a claim against executors or administrators, and desires a *reference* under the statute, he must first move on the subject of the reference.

Neither party is bound to refer, and if either desires a reference, he must offer to refer. The executor or administrator cannot be said to *refuse* until the claimant in some way manifests his willingness to refer.

An unqualified rejection of the claim, unaccompanied with an offer to refer, is not equivalent to a refusal to refer. (*The contrary of this was held in Fort* agt. *Gooding*, 9 *Barb.* 394.) A neglect to answer an offer or proposition to refer, may be deemed a refusal.

*At Chambers, by consent of counsel, Penn Yan, May* 30, 1856.

MOTION on report of referee, pleadings and affidavits, by plaintiff, on a claim against executors, that judgment be entered on the report *with costs*, and by defendant that referee make a further report.

A. V. HARPENDING, *for plaintiff*.

H. A. DOWE, *for defendant*.

WELLES, Justice. Both motions must be denied. It does not appear that the plaintiff ever requested a reference under the statute before action brought, nor that the defendant ever refused such reference. The defendant positively denies in his affidavit, that any one ever proposed a reference, or that he ever refused to consent to one.

There must be a *refusal* or something equivalent. Neither appears in this case. A neglect to answer an offer or proposition to refer, may be deemed a refusal, but the creditor must first move on the subject of the reference. In *Fort* agt. *Gooding*, (9 *Barb. S. C. R.* 394,) WILLARD, Justice, says: " An unqualified rejection of the claim, unaccompanied with an offer ɔ refer, is equivalent to a refusal to refer." I cannot agree to

this proposition. A rejection of the claim is no evidence one way or the other on the subject of a reference, or of the willingness of either party to refer. Neither party is bound to refer; and if either desires a reference, he must offer to refer. The executor or administrator cannot be said to refuse until the claimant in some way manifests his willingness to refer. (2 *R. S.* 90, § 41; *Stephenson* agt. *Clark,* 12 *How. Pr. R.* 282.)

Nor was payment unreasonably resisted or neglected. After the defendant had paid $100 on the claim, he was advised by counsel that the whole demand was illegal; and as he understood the facts of the case, he was justified in making a defence.

There is not sufficient shown on the part of the defendant to justify an order calling upon the referee to make a further report. It was competent for the defendant to have made a case and moved for a new trial, if he thought there was any error committed by the referee.

No costs are allowed to either party.

NOTE.—The foregoing decision affirmed on appeal, Monroe general term, September, 1857, before JOHNSON, T. R. STRONG & SMITH, Justices.