JOHN B. HOPKINS, Jr., Appellant, *v.* FRANKLIN J. LOTT, as Administrator, etc., Respondent.

Where, upon a reference under the statute of a claim against an estate, based on a legal cause of action, the plaintiff recovers nominal damages, even if the plaintiff under the Code of Civil Procedure (§§ 1835, 1836), may not recover his costs (as to which *quære*), the defendant is not legally entitled to costs, nor is the allowance thereof to him discretionary (§ 3240).

The costs in such case are regulated by the Revised Statutes (2 R. S. 89, § 37) and the section of said Code (§ 3229), giving defendant costs in actions specified in the preceding section "unless the plaintiff is entitled to costs as therein specified," does not give the right, as the preceding section does give plaintiff costs in an action against an executor and administrator (§§ 2863, 3228, subd. 4), and the fact that by other sections the right is made contingent upon a refusal to refer (§§ 1835, 1836), does not author-ize the awarding of costs to the executor or administrator on a recovery by the other party although costs may not be awarded to the latter.

An order awarding costs to an administrator, where he is not entitled to them, is reviewable here. (Code, § 191, subd. 3.)

*Hopkins* v. *Lott* (42 Hun, 442) reversed.

(Submitted December 6, 1888; decided December 18, 1888.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, made December 14, 1886, which affirmed an order of Special Term awarding costs and an extra allowance to defendant in a reference under the statute of a disputed claim against the estate of Sarah A. Lott, defendant's intestate. (Reported below, 42 Hun, 442.)

The claim was for damages caused by the eviction from premises leased by plaintiff from the intestate.

The judgment gave plaintiff six cents damages.

*Henry A. Montfort* for appellant. The allowance of costs to the respondent was erroneous. (Code of Civ. Pro. §§ 1835, 1836, 2863, subd. 5, § 3228, subds. 1, 3.) This was a special proceeding. (*Roe* v. *Boyle*, 81 N. Y. 305.) An extra allowance can only be granted in actions. (Code of Civ. Pro. § 3253; *Rens. & S. R. R. Co.* v. *Davis*, 55 N. Y. 145.) The respondent was entitled to no judgment in his favor, and an extra allowance, even in actions, can only be given to the party in whose favor final judgment is rendered. (Code of Civ. Pro. §§ 3252, 3253; *Bostwick* v. *T. R. R. Co.*, 17 How. Pr. 456.) The court below erred in denying disbursements to the appellant. (Code of Pro. § 317; *Larkins* v. *Maxon*, 103 N. Y. 680.)

*Joseph M. Pray* for respondent. Costs are in the discretion of the court in these proceedings, and include allowance and disbursements. (2 R. S. 89, § 37; Code of Civ. Pro. §§ 3240, 3253.) No appeal lies to this court from an interlocutory judgment, nor from an order affirming such judgment, except in case of decision on demurrer. (Code of Civ. Pro. § 190, subd. 4; *Kilmer* v. *Bradley*, 80 N. Y. 631.)

ANDREWS, J. We think costs were erroneously awarded to the defendant. The Revised Statutes, under which the reference was had, provide that the " court may adjudge costs as in actions against executors." (2 R. S. 89, § 37.) The general rule governing the allowance of costs in actions, other than those where costs are in the discretion of the court, is prescribed in sections 3228 and 3229 of the Code of Civil Procedure. By section 3228, the plaintiff, among other cases mentioned, is entitled to costs, as of course, upon a recovery of a final judgment in his favor in an action specified in the fifth subdivision of section 2863, viz., an action against an executor or administrator. By section 3229 the defendant is entitled to costs as of course upon the rendering of a final judgment in an action specified in section 3228 " unless the plaintiff is entitled to costs as therein prescribed. " If, therefore, an action had been brought in the Supreme Court to enforce the claim which was

the subject of the reference, against the administrator, with the same result, the plaintiff would have been entitled to costs under section 3228, according to the general rule therein prescribed, although the recovery was nominal, because the action could not have been brought in Justice's Court, and the limitation in that section, based on the amount of the recovery, not being applicable to such a cause of action. The defendant in the case supposed would not be entitled to costs under section 3229, because it was an action in which by section 3228, "the plaintiff is entitled to costs." But the general right of a plaintiff to costs on the recovery of a judgment in his favor in an action against an executor or administrator, given by section 3228, is qualified by sections 1835 and 1836, which prohibit an allowance of costs against an executor or administrator upon the recovery of a money judgment by the plaintiff against such executor or administrator, unless the claim against the estate was duly presented, and the payment thereof was unreasonably resisted or neglected, or the defendant refused to refer as prescribed by law, either of which conditions existing, the court may, in its discretion, adjudge costs in favor of the plaintiff.

The plaintiff was properly denied costs, because the payment of the claim was not unreasonably resisted, and it was referred by the agreement of both parties under the statute. The plaintiff's cause of action was maintained by the judgment entered on the report of the referee, but his damages for the eviction, as determined, were nominal merely, and judgment was awarded in his favor for six cents only. But the right of the defendant to costs does not follow, because they were not awarded to the plaintiff under the special provisions of sections 1835 and 1836. These sections do not authorize costs to be awarded to the executor or administrator on a recovery by the other party, although costs may not be awarded to him. By section 3229, costs are given to a defendant in the actions specified in section 3228, "unless the plaintiff is entitled to costs as therein specified," and in no other cases; and section 3228 does specify that the plaintiff is entitled to

costs on a recovery in an action against an executor or administrator. By sections 1835 and 1836, the right of the plaintiff to costs is made contingent and not absolute. But the right of the executor or administrator to costs depends wholly on the language of section 3229; and where the plaintiff recovers against the executor or administrator on a legal cause of action, costs cannot be awarded to the defendant, although under sections 1835 and 1836 they are denied to the plaintiff. (*Baine* v. *City of Rochester*, 85 N. Y. 523.) Nor was the allowance of costs to the defendant discretionary under section 3240 of the Code. The costs are regulated by the Revised Statutes and the Code, as in actions against executors and administrators. Section 3246 regulates the manner of awarding and collecting costs, in an action by or against an executor or administrator, where costs are adjudged in favor of the other party, but it does not bear upon the present question. The order awarding costs and disbursements, with an extra allowance to the defendant, should, therefore, be reversed. The order is appealable under subdivision 3, section 191 of the Code. The question whether the plaintiff was entitled to recover his disbursements is not presented by this record.

The orders of the Special and General Terms, awarding costs to the defendant, should be reversed, with costs of both appeals to the appellant.

All concur.

Orders reversed.