## DRYER v. BROWN.

(*Supreme Court, General Term, Fourth Department.* February 11, 1890.)

EXECUTORS AND ADMINISTRATORS—SPECIAL PROCEEDINGS—STIPULATIONS.

In a special proceeding to determine the validity of claims against a decedent's estate, the parties stipulated that the claimant should serve a complaint, and the executor his answer, and that the issues thus made should be referred. *Held* that, after the hearing before the referee on the issues made by the pleadings, the executor's motion to amend his answer, so as to set up the statute of limitations, should be allowed without imposing on him the costs of the action so far incurred; it appearing that the stipulation was hastily drawn, and that the executor did not suppose that it changed the general rule in special proceedings, allowing any defense at the hearing, whether pleaded or not.

Appeal from special term, Herkimer county.

Action by Emma E. Dryer against Elon G. Brown, as surviving executor of Harvey Barnard, deceased. For the facts, see 5 N. Y. Supp. 486. The matter is a special proceeding to determine the validity of certain claims

against the estate of the deceased, consisting of four promissory notes. The parties entered into the following stipulation, (page 487:) "It is hereby stipulated by and between the parties and their attorneys in the above-entitled matter that the claimant shall serve a complaint setting forth her claim, and the defendant herein shall serve an answer in the same manner, and subject to the same rules of law, as though the action was pending upon service of summons in the supreme court, and that the issues generally shall be submitted to a referee, and the cause tried therein and thereunder, with the same force and effect as though the action was pending in the supreme court, excepting the subject of costs." The executor accordingly answered the complaint, but failed to set up the statute of limitations. After a hearing before a referee and an appeal to the general term, the executor moved to amend his answer, and also for an inspection of the notes on which the claims are based, as well as certain letters regarding them written by deceased to plaintiff. The following opinion was filed at special term:

"WILLIAMS, J. If this was in fact an action, and not a reference, under the statute, of a disputed claim against an estate, the rule as to costs would then be clear, and I should have no question as to the terms to be imposed as a condition of the proposed amendment of the answer. The difficulty arises out of the peculiar terms of the stipulation entered into between the parties, which seem to make the case an action as to everything excepting costs, and to leave the question of costs to be determined as though the case were still a reference under the statute; and in this condition of things it is not quite clear what the effect of this decision by the general term as to costs is; what is meant by the words, 'costs to abide event,'—whether 'to abide event' means to abide the final direction by the court as to costs, or the final result as to the recovery of the claim. . By reason of this uncertainty resulting from the stipulation of the parties, I do not think the amendment proposed should be allowed without clearly protecting plaintiff. This defense might have been alleged in the defendant's answer when originally made. If the stipulation had not been made, the defense could have been urged without a formal statement of it in a pleading. When the parties made the stipulation they evidently, for some unaccountable purpose, saw fit to change the nature of the case, and provide the issues should be made up by pleadings with as much formality as in an action. Therefore it is very likely necessary this defense should be in the answer in order to be urged by the defendant. It is not quite apparent to me why this defense was not originally put in the answer. I should think it was not then understood to be available, by reason of payments indorsed upon the notes, which were not, perhaps, upon the trial, proved to have been made, though indorsed. While I am inclined to allow the amendment to be made, I think I should not permit it except upon the same terms I would impose if the rule as to costs in an action was fully applicable to the case. Such terms would be, all costs and disbursements, as in an action, from the commencement of the first trial until the present time, including $10 costs of this motion. These costs should be paid as a condition of being allowed to amend, and within 20 days from the date of the service of a copy of the order, with notice of its entry.

"The note upon which plaintiff's claim is founded should, at a convenient time before the new trial begins, be deposited with the county clerk, or some one agreed upon by the parties, so the defendant can examine them, and have them examined by his witnesses. An order to this effect should be made. If the counsel cannot agree upon its terms, I will have to settle it for myself. It does not seem to me the court should order any discovery as to the letters written by the deceased, in custody of the plaintiff. *Dick* v. *Phillips*, 41 Hun, 603; *Stichter* v. *Tillinghast*, 43 Hun, 95. An order in accordance with the suggestions herein made will be proposed, and agreed upon by counsel as to form, and submitted to me for signature."

From that portion of the order imposing on him the costs so far incurred, the executor appeals.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*E. D. Mathews,* for appellant.　*Sayler, Searle & Sayles,* for respondent.

HARDIN, P. J. At our April term, in 1889, we reversed the judgment and orders, (5 N. Y. Supp. 486,) and in the language of the order of reversal are the following words: "A new trial is hereby ordered before another referee, and the present reference to Hon. THEODORE W. DWIGHT, referee, is vacated, with costs to abide the event of the above-entitled matter." That order seems to have been filed in the clerk's office of Oneida county on the 31st day of May, 1889. Thereafter the defendant gave notice of a motion for leave to amend his answer, so as to set up, "or be allowed in proper form to plead the statute of limitations;" "or for such other or further order or relief as to the court may seem just." Leave was granted to serve an amended answer, "setting forth the statute of limitations, upon payment by defendant to plaintiff's attorneys of all plaintiff's costs and disbursements in the action, from the service of notice of trial until the present time, with $10 costs of this motion in addition thereto; said costs and disbursements to be taxed by the clerk upon the usual notice, and to be allowed to the same extent and amounts as a plaintiff would be entitled to if awarded costs and disbursements in an action tried before a referee, and appealed and decided at general term, with $10 motion costs in addition thereto. These costs shall be paid as a condition of being allowed to amend; and, within twenty days from date of service of the copy of this order, with notice of its entry, unless said costs are paid as above provided, the motion for leave to amend is denied, with $10 costs, to be paid by defendant to plaintiff." There is an appeal from that portion of the order which we have quoted. The learned judge at special term, in dealing with the question presented by the application to amend the answer, and in considering the rule as to costs in case the application was granted, found some perplexity, and he observed: "The difficulty arises out of the peculiar terms of the stipulation entered into between the parties, which seems to make the case an action as to everything excepting costs, and to leave the question of costs to be determined as though the case were still a reference under the statute; and in this condition of things it is not quite clear what the effect of the decision by the general term as to costs is,—what is meant by the words 'costs to abide event.' Whether 'to abide event' means 'to abide the final direction by the court as to costs,' or 'the final result as to the recovery of the claim.' By reason of this uncertainty, resulting from the stipulation of the parties, I do not think the amendment proposed should be allowed without clearly protecting plaintiff. This defense might have been alleged in the defendant's answer when originally made. If the stipulation had not been made, the defense might have been urged without a formal statement of it in a pleading. * * * While I am inclined to allow the amendment to be made, I think I should not permit it, except upon the same terms I would impose if the rule as to costs in an action was fully applicable to the case." Doubtless the observation of the learned judge to the effect that, if there had been no stipulation, and no pleadings under the stipulation, this being a special proceeding, any defense which the party had could have been availed of upon the hearing. *Roe* v. *Boyle,* 81 N. Y. 307; *Bucklin* v. *Chapin,* 1 Lans. 443. Whether the defendant, who is an executor, will be liable for costs in this action, cannot now be determined. It cannot now be said that his defense is unreasonable, or that costs will finally be adjudged against him as an executor. *Hopkins* v. *Lott,* 111 N. Y. 577, 19 N. E. Rep. 273; *Pursell* v. *Fry,* 19 Hun, 595; *Harrison* v. *Ayers,* 18 Hun, 336.

The notice of motion, as we have already quoted it, was broad enough to allow the special term to vacate the stipulation in respect to pleadings

Whether the stipulation as to pleadings should have been vacated or not was a question properly before the special term. In the opinion which we delivered when this case was before us upon appeal, we referred to the force and effect to be given to the stipulation, as it then stood in the case. However, in doing so, we observed, viz.: "If the defendant shall be advised that the stipulation ought not to remain, or that he had no right to waive the statute of limitations as a defense, and in doing so has exceeded his authority as an executor, and can make a proper case for relief from the stipulation, he should present such case to the special term, and ask to vacate the stipulation, or to be at liberty to amend his answer setting up the statute of limitations. Dayt. Surr. 318; Will. Ex'rs, 317; *Willcox* v. *Smith*, 26 Barb. 355." 5 N. Y. Supp. 489. The question of whether the stipulation might have been vacated or not in respect to the service of pleadings was therefore properly before the special term. In an affidavit used upon the motion, referring to the origin of the stipulation, there is found this passage: "The stipulation providing for pleadings was very hastily drawn, while plaintiff's counsel was anxious to take a train for the west. It was never maturely considered. Defendant was not consulted in regard to it until after it had been made. It was made on the spur of the moment." In a verified petition of the defendant, the executor, which was used upon the motion, there may be found this passage: "When this proceeding was commenced, deponent was advised to allow the stipulation above specified, regarding the service of pleadings, to be made, and was advised and supposed that said stipulation, and the said answer to the amended complaint first served herein, would not prevent defendant from relying upon the statute of limitations, or from claiming that said plaintiff's claims were, or part of them were, outlawed; that deponent was advised this was a special proceeding, and that * * * any defense appearing on the trial could be relied upon whether pleaded or not, * * * and deponent and his counsel did not suppose there was any trouble about the pleading, or that the statute of limitations could not be relied upon; that, if there had been any such question suggested upon the trial, deponent and his counsel would have asked to amend the answer to allege the necessary defense in that regard, but deponent was taken entirely by surprise when the referee reported said notes were sustained because the statute of limitations was not pleaded." It is also stated upon the oath of the executor that he had "no authority from any of said legatees to waive said statute of limitations, and deponent is advised and fears he may be held personally liable for said notes and amounts, if the same are established upon any such evidence as was offered on the other trial, and allow to pass on account of lack of pleading of the statute of limitations."

To contradict the facts that are stated in the questions which we have made, we find nothing in the opposing papers. We therefore think the special term might properly have assumed that the facts stated in the moving papers were established. Under such circumstances, we think it would have been proper, and within the discretion and power of a special term, to have vacated the stipulation in respect to the pleadings, and allowed this special proceeding to stand upon the ordinary practice which obtained in respect thereto. It was not within the contemplation of the parties to change this special proceeding, in its essential nature, by the stipulation which was entered into in respect to the pleadings by the attorneys.

These views may properly lead to a reversal of so much of the order as allows the defendant to serve an amended answer upon payment of costs, (all that part of the order appealed from;) and the order of the special term is amended, so as to vacate the stipulation as to pleadings, and striking out the pleadings had thereunder, and allowing the proceeding to stand, to be governed by the usual practice applicable in such cases. The order of the special term is modified by striking therefrom all the provisions as to the amended answer, and

payment of costs as a condition of serving the same, and inserting therein a provision vacating the stipulation as to pleadings, and striking out the pleadings had under the stipulation, and, as so modified, **affirmed, without costs** to either party of the motion, or upon this appeal.

MERWIN, J., not voting.

MARTIN, J., (*concurring.*)   On the 25th day of June, 1889, the appellant made a motion at the Herkimer special term for leave to serve an amended answer in this proceeding, for an inspection and discovery of certain notes and letters claimed to be in the respondent's possession, or for such other or further order or relief as to the court might seem just.   The court granted the appellant leave to serve an amended answer, on condition that he pay all the respondent's costs and disbursements from the service of notice of trial until the date of such order, with $10 costs of the motion; such costs and disbursements to be allowed at the same extent and amount as a plaintiff would be entitled to if awarded costs and disbursements in an action tried before a referee, and appealed and decided at general term.   The discovery and inspection was granted as to the notes, but denied as to the letters.   The appellant appeals from that portion of the order which denies an inspection of the letters, and also from that part of the order which imposes the payment of costs to the respondent as a condition of leave to serve an amended answer herein.

I concur in the opinion of HARDIN, P. J., that the order appealed from should be modified by striking therefrom all the provisions as to the amended answer, and payment of costs as a condition of serving the same, and inserting therein a provision vacating the stipulation between the parties as to pleadings, and striking out the pleadings served in pursuance of such stipulation.   This leaves for consideration only that part of the order which denies an inspection of the letters.   An examination of the papers read upon this motion leads me to the conclusion that the order relating to the inspection and discovery of such letters and notes was proper, and should be affirmed. I therefore concur in the opinion of HARDIN, P. J., that the order should be modified as therein stated, and, as modified, should be affirmed, without costs to either party of the motion or upon this appeal.