DETERMINED IN THE

# FIRST DEPARTMENT

AT

# GENERAL TERM,

## 𝕸𝖆𝖞, 1894.

George H. Adams and Another, as Executors, etc., of Alice C. Barlow, Deceased, Appellants, *v.* Stephen H. Olin and Another, as Executors, etc., of Samuel L. M. Barlow, Deceased, Respondents.

| | |
|---|---|
| 78 | 309 |
| 83 | 406 |
| 78 | 309 |
| 85 | 123 |
| 85 | 591 |
| 78 | 309 |
| 91 | 93 |
| 78h | 309 |
| 154ad | 19 |
| 78h | 309 |
| 66 AD | 283 |

*Effect of section 2718 of the Code of Civil Procedure on statutory references — costs allowable.*

When the provisions of section 2718 of the Code of Civil Procedure went into effect, a special proceeding theretofore instituted under the statute to determine a disputed claim against the estate of a decedent ceased to be a special proceeding, and became an action which was to be treated as such, in respect to all subsequent proceedings, and the defendant in such action, if successful in resisting the claim made against the estate, is entitled to costs as a matter of right, and the only discretion vested in the referee in regard to costs is in respect to those which may be allowed to a plaintiff against an executor who has not unreasonably resisted a claim against the estate which he represents.

Appeal by the plaintiffs, George H. Adams and another, as executors, etc., of Alice C. Barlow, deceased, from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1894, as directed that the defendants recover costs as taxed in the action, and granted them an extra allowance, and also from so much of an order made at the New York Special Term and entered in the office of the clerk of the county of New York on the 26th day of February, 1894, as confirmed the taxation of certain items of costs by the clerk, and overruled the plaintiffs' objections thereto.

*George H. Adams,* for the appellant.

*G. L. Rives,* for the respondent.

VAN BRUNT, P. J.:

This action was begun as a special proceeding under the statute to determine a disputed claim against an estate. The matter was referred to a referee to hear and determine, and after three trials and three hearings at the General Term a judgment for a large amount was recovered by the claimants. The defendants then appealed to the Court of Appeals, and before argument the Code of Civil Procedure in respect to these proceedings was amended. It was provided by section 2718 of the Code, as amended, that "if the executor or administrator doubts the justice of any such claim (presented against the estate) he may enter into an agreement in writing with the claimant to refer the matter in controversy to one or more disinterested persons, to be approved by the surrogate. On filing such an agreement and approval in the office of the clerk of the Supreme Court in the county in which the parties or one of them reside an order shall be entered by the clerk referring the matter in controversy to the person or persons so selected. On the entry of such an order the proceeding shall become an action in the Supreme Court. The same proceeding shall be had in all respects * * * as if the reference had been made in an action in which such court might by law direct a reference. In determining the question of costs the referee shall be governed by sections 1835 and 1836 of this act." The sections referred to relate to the granting of costs against an executor or administrator. In October, 1893, the cause was argued before the Court of Appeals, and in November the Court of Appeals reversed the judgment (140 N. Y. 150), and on the first of December an order was entered in this court upon the remittitur from the Court of Appeals making the judgment of that court the judgment of this court. The plaintiffs thereupon withdrew their claim, and stipulated that judgment should be entered against them dismissing the claim, and leaving the question of costs, whether taxable or not, to the court. An application was thereupon made for a judgment dismissing the plaintiffs' claim and awarding restitution, and granting costs and an extra allowance. This motion being granted, costs

were taxed by the clerk; and a motion being made for retaxation upon exceptions, the same was denied. From these orders the present appeal is taken.

It seems to us that by force of the provisions of section 2718 of the Code when such section went into effect, this proceeding ceased to be a special proceeding and became an action and was to be treated as such in respect to all subsequent proceedings. No question could have arisen, had a new order of reference been made, that from the entry of such order the provisions of the Code would apply. The fact that the condition precedent of an order of reference had already been made upon a claim presented and disputed would not prevent the operation of the statute. Such being the case the defendants were entitled as matter of right to costs upon their successful defense of the claim presented against the estate which they represented. We think that it was the intention of the Legislature in reference to these proceedings to make them exactly parallel to those which take place in an action after a reference has been ordered; and that the only discretion which is vested in the referee in regard to costs is in respect to those which might be allowed to a plaintiff against an executor who had not unreasonably resisted a claim against the estate which he represented.

The orders should be affirmed, with ten dollars costs and disbursements.

FOLLETT and PARKER, JJ., concurred.

Orders affirmed, with ten dollars costs and disbursements.