PUTNAM and HERRICK, JJ., concurred.

Judgment reversed and a new trial ordered, costs to abide the event.

---

In the Matter of the Claim of CHARLES WINNE, Appellant, v. RUSSELL A. HILLS, as Administrator, etc., of CHARLES A. HILLS, Deceased, Respondent

*Executors and administrators — statutory reference — evidence required in support of the claim — declarations in one's own favor are improper — if received they cannot be considered on appeal — costs to successful executor.*

Public policy requires that claims against the estates of deceased persons should be established by very satisfactory evidence; and where the presentation of a claim for the board of a decedent and his wife has been long delayed and there is no evidence of an express agreement to pay, and it further appears that during the period in question the decedent made payments for the benefit of the claimant or the estate of the claimant's wife, in excess of the amount alleged to be due upon account of board, the claim should be dismissed.

An account, made by a claimant's wife at his request, setting forth, among other things, payments made by a decedent either to the claimant or his wife, during

a period for which it is sought to recover for the board of the deceased person and his wife, where the document does not purport to constitute the original entries made by the wife, and was not made in the presence of decedent, is not, as against his estate, admissible in evidence.

Where such an exhibit or account has been offered by the claimant and admitted in evidence in a proceeding upon a disputed claim which has been referred under the statute, it cannot be considered upon appeal and is not competent to prove the existence of an account between the plaintiff and the deceased, or for any other purpose, in favor of the defeated claimant and in support of his demand for a new trial.

Where a disputed claim against the estate of a decedent is referred under the statute, the proceeding is to be treated, after such reference, as an action in the Supreme Court, and an executor, if successful in resisting the claim made against his estate, is entitled to costs as a matter of right.

APPEAL by the claimant, Charles Winne, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Albany on the 1st day of August, 1895, upon the report of a referee.

*H. A. Peckham*, for the appellant.

*John A. Delehanty*, for the respondent.

MAYHAM, P. J.:

Charles A. Winne, the claimant, was a brother-in-law of the deceased, Charles A. Hills, and presented a claim against the estate of Charles A. Hills for $2,300 to his administrator, claiming it to be the balance due from the deceased for boarding deceased and his wife from July 1, 1884, to May 1, 1890, for which claim he charged at the rate of twenty dollars per week. That claim was disputed by the administrator by a notice in writing in which the administrator offered to refer the disputed claim under the statute, and thereupon a stipulation in writing was entered into, signed by the attorneys of the respective parties, agreeing to refer the same to Joseph A. Lawson, as referee, to hear and determine, which reference was approved by the surrogate, and an order duly entered in this court referring the same pursuant to such stipulation.

The case was heard upon the proofs before the referee, who made and filed his report, in and by which he held and decided that defendant, Russell A. Hills, as administrator, was entitled to judgment against the claimant, dismissing the claim with costs.

Upon this report judgment was entered in the Supreme Court in favor of the administrator and against Charles Winne for $178.69, costs and disbursements, from which judgment this appeal is taken.

The case, in brief, discloses that the complainant, Charles Winne, and his wife occupied premises owned by his wife, situate in the city of Albany, and that Charles A. Hills and his wife lived in the house, occupying rooms therein ; that the two families were apparently living together as one family from July, 1884, to May, 1890 ; that the wife of the claimant and that of the decedent were sisters. No claim for board, so far as appears from the evidence, was ever made by the claimant against the decedent during his lifetime, and the claim appears to have been first presented on the 20th of October, 1894.

The wife of the deceased died prior to the death of the wife of the claimant, who appears to have died April 25, 1893 ; so that at the time of the presentation of this claim none of the parties to the original transaction were living · except the claimant. No agreement between the claimant and the decedent or his wife was proved either for the occupancy of the premises occupied by them or for their board. There was evidence on the part of the claimant tending to prove the time that the deceased and his wife lived in the family with the claimant, and that the title to the house was in claimant's wife, and that claimant contributed and paid for provisions used in the family, and also tending to prove the value of board and accommodation such as deceased and his wife had during the time, or a portion of the time, they resided with the ·claimant.

During the progress of the trial claimant presented and offered in' evidence an exhibit of accounts proved to have been made by claimant's wife at the request of claimant, which consisted of dates and amounts set opposite, and which was claimed to represent payments made by deceased either to claimant or his wife from September, 1884, to February, 1890.

This was objected to by the defendant on the ground that it was not evidence against the defendant, as it did not purport to be the original entries made by the wife, and was not made in the presence of deceased.

This objection was overruled and the document received; to which an exception was taken.

This was clearly incompetent evidence. But it is insisted by the

claimant that as the report was adverse to him, the objection and exception were not available to the defendant, and that the evidence having been received by the referee it was, for the purposes of this appeal, competent to prove the existence of an account between the plaintiff and deceased.

If it was used for any purpose in this action it was incompetent, and the proof which it furnished cannot now be relied upon for the purpose of reversing this judgment.

We think the question presented here differs from the question raised in *Flora* v. *Carbean* (38 N. Y. 111), and while the defendant, succeeding in the action, can, of course, have no benefit from his exception taken to the receipt of this, it cannot be used as a fact to establish the plaintiff's right of recovery for the purpose of setting aside the judgment rendered upon the report adverse to him.

The case also discloses that during the time the plaintiff and deceased resided together in the manner indicated, the deceased paid and advanced in all $6,523.65 in taxes between July, 1884, and May 1890, on the premises owned by the plaintiff's wife and occupied by the parties, as indicated in this case, being an annual average annual payment of about $1,182, and largely in excess of any amount to which the claimant would be entitled, if allowed for the whole time, at the rate of twenty dollars per week, for the board of deceased and his wife.

On the whole case, it would seem that no just claim was established by the evidence against the estate of the decedent. And there were, at least, suspicious circumstances attending the presentation of this claim so long after its alleged accruing, and, under the circumstances, we think the referee was justified in holding that there was nothing due from the estate of the deceased to the claimant at the time the claim was presented to the administrator, or at the time of the trial of this action.

It seems to be well settled that claims against the estates of deceased persons, in order to be upheld, must be clearly proved by competent evidence, and be free from any just or well-grounded suspicion of their validity.

In the *Matter of Van Slooten* v. *Wheeler* (140 N. Y. 624) the court says: " Public policy requires that claims against the estates of the dead should be established by very satisfactory evidence, and

that courts should see to it that such estates are clearly and properly protected against unfounded and rapacious raids." ◆

And to the same effect is *Ulrich* v. *Ulrich* (17 N. Y. Supp. 721); *Kearney* v. *McKeon* (85 N. Y. 139, 140); *Ellis* v. *Filon* (33 N. Y. Supp. 140).

We think the report of the referee in this case was clearly right, and that the judgment must be affirmed.

The remaining question is as to the allowance of costs.

While doubt has existed as to the propriety of allowing costs beyond the actual disbursements against executors and administrators who have unsuccessfully resisted claims referred under the statute, it seems now to be well settled upon authority, under section 2718 of the Code of Civil Procedure, that the proceeding is to be treated after reference as an action in the Supreme Court, which would clearly imply that the successful party is entitled to costs the same as in an action in that court.

In *Adams et al.* v. *Olin et al., Executors* (78 Hun, 309), it was held that, after reference, all subsequent proceedings should be treated as though had in an action, and that the defendant executor, if successful in resisting the claim made against the estate, is entitled, as matter of right, to costs, and VAN BRUNT, J., in delivering the opinion in this case, uses this language: " Such being the case, the defendants were entitled, as matter of right, to costs, upon their successful defense of the claim presented against the estate which they represented. We think that it was the intention of the Legislature, in reference to these proceedings, to make them exactly parallel to those which take place in an action after a reference has been ordered."

The judge further holds that the only discretion vested in a referee in proceedings of this character is as to allowing costs against an executor or administrator who has been unsuccessful in a defense.

The costs and disbursements which appear in this record as the costs taxed, have been taxed in conformity with the rule in the case last cited.

The judgment must be affirmed, with costs.

PUTNAM and HERRICK, JJ., concurred.

Judgment affirmed, with costs.