De Vere Lamphere, Plaintiff, *v.* Alice D. Lamphere, as Administratrix, etc., of Burr W. Lamphere, Deceased.

(Supreme Court, Madison Trial Term, April, 1900.)

1. Costs — Reference, under Code C. P., § 2717, where the claimant against a decedent's estate recovers less than fifty dollars.

*Semble*, that where a claim against the estate of a decedent is referred in the court of the surrogate under section 2717 of the Code of Civil Procedure and the claimant recovers, but the amount of the recovery is less than fifty dollars, the referee cannot award costs as in the Supreme Court to the defendant where he has made no cer-

tificate as to costs under section 1836 of the Code of Civil Procedure; nor is the defendant entitled in such case to any costs under any of the sections 2717, 2863, subdivision 5, 3228, or 3229 of said Code.

**2. Same — Effect of referee's failure to make a certificate as to costs — Review of his determination.**

Where the referee makes no certificate as to costs, no costs can be taxed by the plaintiff.

While, in the absence of such certificate, the question of costs becomes one for the Supreme Court, that court considered it proper, in view of the doubt whether the Special Term could overrule the determination of the referee, to deny a motion to retax costs awarded in favor of the defendant and left the matter of costs to be determined by the Appellate Division on appeal.

MOTION for a new taxation of costs.

E. S. More, for plaintiff.

J. J. L. Baker (C. A. Hitchcock, of counsel), for defendant.

FORBES, J. This is an appeal for a new taxation of costs. The action was for services rendered to the testator from September 11 to October 13, 1898.

The plaintiff presented to the defendant, as administratrix, a duly verified claim for forty-eight dollars. This claim was rejected in writing and an offer to refer was made by the defendant.

This proceeding was duly commenced on a stipulation, signed by both parties, and an order duly filed; the surrogate of the county of Madison having approved of the agreement and the reference made to Charles Kellogg, Esq., as the sole referee.

After taking the proofs, a report was made in favor of the plaintiff for forty-six dollars and fifty cents, the referee finding an overcharge or a miscalculation of one day's work at one dollar and fifty cents per day.

The referee, however, awarded costs to the defendant; I think on the theory that the plaintiff's recovery was less than fifty dollars. The costs were taxed at sixty-seven dollars, and as taxed in the judgment, in favor of the defendant, were offset against the plaintiff's recovery; and thus an affirmative judgment was rendered in favor of the defendant for twenty dollars and fifty cents.

Objections to said taxation were duly made and filed by the plaintiff. On retaxation, the county clerk, against the objections of the plaintiff, retaxed the costs in favor of the defendant. From that taxation this appeal is taken.

As an original proposition, it seems to me that costs ought not to have been allowed by the referee against the plaintiff. He succeeded in the action; the defendant did not succeed in defeating his claim. Adams v. Olin, 78 Hun, 309; Henning v. Miller, 83 id. 403.

Nor do I think, from the facts and circumstances of the case, in the absence of a certificate by the referee that the claim was unreasonably resisted or neglected, that costs should be taxed in favor of the plaintiff.

The defendant claims that, under the amendment of section 2863, subdivision 5 (Code Civ. Pro., as amd. in 1895), the action ought to have been brought in Justice's Court, the plaintiff recovering less than fifty dollars, and, therefore, having no right to costs against the defendant, that the defendant is entitled to costs, under sections 3228, 3229, Code of Civil Procedure.

Let us examine these sections carefully to see whether this construction is warranted:

In an action, costs are given to the plaintiff, of course, by subdivision 3, section 3228, Code of Civil Procedure, except as that subdivision is modified by sections 2718 and 2863, subdivision 5.

Subdivision 4 of section 3228 does not apply to subdivision 3 of the same section, but excepts it from its operation. See Code Civ. Pro., § 3228, subds. 3, 4.

That being so, if this is to be treated as an action, the plaintiff would be entitled to costs, except for the modification found in sections 2718 and 2863.

The last clause of subdivision 4, section 3228, reads as follows: " But the plaintiff is not entitled to costs, under this subdivision, unless he recovers the sum of fifty dollars, or more."

This provision is not made to apply to subdivision 3 of the same section; nor is it, in terms, made to apply to subdivision 5 of section 2863.

Does this action fall within section 3229, entitling the defendant to costs of course? The first clause of this section reads as follows: " The defendant is entitled to costs, of course, upon the rendering of final judgment, in an action specified in the last section, unless

the plaintiff is entitled to costs, as therein prescribed." This provision clearly relates to the contingency provided for in subdivision 4 of the preceding section, and does not relate to subdivision 5 of section 2863.

If defendant's contention is the law of this State, then there is no longer any such thing as an inexpensive method by stipulation, in these proceedings, of adjusting disagreements of this character. This seems to have been the original intention of the statute. Francisco v. Fitch, 25 Barb. 130; Skidmore v. Post, 32 Hun, 58.

Both legal and equitable claims are still submitted to and passed upon by the referee, under a provision for stipulation, consent and order duly entered. Code Civ. Pro., § 2718; Van Slooten v. Wheeler, 76 Hun, 55; Rutherford v. Soop, 85 id. 119; Matter of Zinke, 90 id. 127; Fowler v. Hebbard, 40 App. Div. 108.

I do not believe that sections 2863 and 3229 apply to this case. There are still four methods, any one of which may be pursued, where the amount sought to be recovered is less than fifty dollars.

*First* — On the rejection of a claim by the administratrix, an action could have been brought under section 2863, subdivision 5, and the claim could have been determined in Justice's Court.

*Second* — Had the claim been rejected without an offer to refer, an action could have been brought in the Supreme Court, and then sections 2863 and 3228 might have been made to apply; unless the facts on the trial showed that there had been an unreasonable resistance of the claim; in which case, the plaintiff might have recovered costs against the defendant, had the referee so determined. The mere rejection of a claim furnishes no evidence on the subject of a reference, nor of the willingness of the defendant to refer. Code Civ. Pro., § 2718; Adams v. Olin, 78 Hun, 309; Henning v. Miller, 83 id. 403; Ehrenreich v. Lichtenberg, 29 Misc. Rep. 305, following Proude v. Whiton, 15 How. Pr. 304, and Stephenson v. Clark, 12 id. 282; Brainerd v. DeGraef, 29 Misc. Rep. 560.

*Third* — Where the claim has been rejected, with an offer to refer, but not accepted by the claimant, within ten days before the expiration of the six months, in which claims might be presented, the administratrix has the right to file her consent that the claim may be determined by the surrogate, upon a judicial settlement of her accounts; in this manner she may escape the payment of costs. Carter v. Barnum, 24 Misc. Rep. 220, and authorities therein collated.

The fourth method is the one pointed out by statute and adopted in the case at bar, viz.: The presentation of the claim, the rejection by the defendant, with an offer to refer. In this event, the parties must enter into a stipulation, naming the referee, securing the consent of the surrogate, entering the proper order and thus joining issues upon the claim. After that order is finally entered, the action becomes an action in the Supreme Court and all the steps and proceedings, including the entry of judgment, conform to the practice in this court. Code Civ. Pro., § 2718; Rutherford v. Soop, 85 Hun, 119; Winne v. Hills, 91 id. 89; Hopkins v. Lott, 111 N. Y. 577; Hustis v. Aldridge, 144 id. 508.

This proceeding is not the commencement of an action in the Supreme Court, but the practice in such cases is as of the practice in the Supreme Court; and I think refers, not to the question of costs, but to the method of procedure in a reference to adjust legal and equitable claims against an estate. Rutherford v. Soop, 85 Hun, 119; Shorter v. Mackey, 13 App. Div. 20; Hustis v. Aldridge, 144 N. Y. 508.

It is true that under the amendment of 1893, the referee has enlarged powers, and probably the power of a referee sitting in an action in the Supreme Court.

Section 2718 provides that the referee shall have power to determine the question of costs against the estate, as provided in sections 1835 and 1836, but he is nowhere given the power to award costs in any other manner than that which is pointed out by sections 2718 and 1836, which have reference only to costs against the administratrix. Agar v. Tibbets, 18 Civ. Pro. 338; S. C., 56 Hun, 272; Rutherford v. Soop, 85 id. 119; Niles v. Crocker, 88 id. 312; Whitcomb v. Whitcomb, 92 id. 443; Hopkins v. Lott, 111 N. Y. 577; Benjamin v. Ver Nooy, 36 App. Div. 581.

This is a reference by consent, provided for by the statute, and I think is still intended to be a convenient and inexpensive method of settling the justice of a claim and is left, by the amendments, undisturbed. How can equitable claims be adjusted in Justice's Court?

The question of costs, in the absence of a certificate, is one for the court. The referee has no right to impose costs, because the claim was reduced one dollar and fifty cents. Dukelow v. Searles, 48 N. Y. St. Repr. 91; S. C., 65 Hun, 625.

An order awarding costs to the administratrix where she is not

entitled to them is reviewable in the Court of Appeals; and if she is entitled to costs, as matter of right, under section 3229, then it is unnecessary to award costs, since they are not discretionary. Hopkins v. Lott, 111 N. Y. 577; Winne v. Hills, 91 Hun, 89; Brainerd v. DeGraef, 29 Misc. Rep. 560.

There seems to be no adjudicated case, reported, squarely covering the question raised on this appeal. There are Special Term decisions, however, which seem to hold that the referee has power to fix the costs in certain cases; and, therefore, if costs are improperly awarded, that an appeal must be taken from the judgment and determination of the referee on that subject. Fisher v. Bennett, 21 Misc. Rep. 178; Jenkinson v. Harris, 27 id. 714.

I think this is the wiser course to pursue, since the Appellate Division must, on the appeal from the judgment, determine the question of the defendant's right to recover costs, and the referee's power to award them.

There being some doubt as to whether the Special Term has the power to overrule or interfere with the determination of the referee; since the appeal in this case is from that determination, I am inclined to deny the motion for a new taxation of costs, so that the whole question may be presented to the Appellate Division and disposed of there; since otherwise, it might be held that the only way still left to review this taxation of costs, in favor of the defendant, is by an appeal to the Special Term of the Supreme Court.

For these reasons, and to reach that end, the motion for a new taxation of costs is denied, but without costs to either party, on this appeal.

Motion denied, without costs.