By the Court.
The statute allows costs to the plaintiffs, where he shall recover any sum in a court of record, if it appear that his claim, as established at the trial exceeded two hundred dollars, and the same was reduced by set-offs ;—or that the debts, demands and accounts of both parties established on the trial, exceeded four hundred dollars. (2 R. S. 614, § 9.) The act regu *624 lating courts of justices of the peace, precludes those courts from taking cogniza ce of matters of account, where the sum total of the accounts of both parties, proved to the satisfaction of the justice, shall exceed four hundred dollars. (2 lb. 226, § 4.)
This expression does not differ essentially from that used in the act respecting costs. The right to costs in this case, turns upon the construction of the word “ established,” in the statute. The plaintiffs made out by their opening pi oof, a claim to the amount of over four hundred dollars, but the proof on the part of the defendants showed that their claim was in fact less than one hundred and fifty dollars. It was not reduced by set-oils ; and the accounts of both parties claimed at the trial, as actually made out by all the evidence, were less than four hundred dollars.
The spirit of the cases cited from 10 Wendell, and the language of the acts, show that the expression “ established at the trial,” do not mean, a claim that shall be proved prima facie merely, but one so proved and established, that a judgment will be given upon it, unless a set-off prevents. If a claim presumptively made out, be defeated by counter proof, it is not established within the meaning of the statute ; whether such defeat be occasioned by contesting the claim itself, or by proof of payment. If the claim proved were over two hundred dollars, and were reduced by set-offs, the plaintiffs would be entitled to costs.
The appeal must be dismissed.