Lund agt. Broadhead.

## SUPREME COURT.

PETER LUND agt. WILLIAM BROADHEAD and another.

If in fact the sum total of the *accounts* of the parties exceeds $400, it is not necessary that the action be first brought in a justice's court, and that the amount of the accounts should be there shown *by proof* to exceed $400. The jurisdiction of the justice's court may be shown by the pleadings.

Where the complaint alleged, substantially, that the plaintiff rendered labor and services to the defendants at agreed prices to the sum of $450, and then admitted or alleged that the defendants have a *counter-claim* or *set-off* to the plaintiff's account of $409 13, leaving an amount due the plaintiff of $40 87, which has not been paid.

And the defendants in their answer admit all the material allegations in the complaint, except that they deny that they ever refused the plaintiff an accounting and settlement of the accounts, and allege that the plaintiff and defendants have had an accounting and settlement thereof, and that the balance as stated in the plaintiff's complaint, is still unpaid.

And the referee, to whom the cause was submitted upon the peadings—no other evidence being given, found that the account of the plaintiff exceeded the account of the defendants by the sum of $40 87, and directed judgment for plaintiff accordingly; *held,* that the *plaintiff was entitled to costs.*

The defendants, to avoid liability for costs, should have answered that they had *paid* the sums on account of the plaintiff's work, and not admitted that they had an account by way of *set-off* or *counter-claim.*

*Payments* extinguish the claim or demand of the creditor *pro tanto.*

*Erie Special Term, March,* 1871.

MOTION for re-adjustment of costs

The plaintiff in the summons claims judgment for $40 87, and in his complaint alleges that from September 1st, 1869, to May 1st, 1870, he, at the request of the defendants, rendered labor and services in making clothing of different kinds at an agreed price for each article, amounting in all to the sum of $450 00, that the plaintiff admits that the defendants have a counter-claim or set-off to the plaintiff's account amounting to $409 13, leaving an amount due the plaintiff from the defendants of $40 87, which has not been paid

or any part thereof; that he has demanded an accounting and settlement of said accounts and payment, which defendants have refused.

The defendants, in their answer, admit all the material allegations in the complaint, except that they deny that they ever refused the plaintiff an accounting and settlement of the accounts and allege that the plaintiff and the defendants have had an accounting and settlement of said accounts, and that the balance as stated in the plaintiff's complaint, is still unpaid. The defendants answer new matter, which was put issue in reference to which no evidence was given on the trial.

The case was submitted to the referee upon the pleadings, no other evidence being given.

The referee found that the plaintiff labored for the defendants, in making articles of clothing, at a stated and agreed price for each and every article so made. That the total price for the articles so manufactured, amounted to the sum of $450 00; that the defendants have a counter-claim or set-off to the plaintiff's claim, amounting to the sum of $409 13, that the account of the plaintiff exceeds the account of the defendants by the sum of $40 87, and as matter of law, he directed judgment for that sum in favor of the plaintiff. The county clerk adjusted costs in favor of the plaintiff. The defendants moved for a re-adjustment of costs in their favor.

WESLEY MARTIN and H. O. LARKIN, *for plaintiff.*
B. A. BARLOW, *for defendants.*

MARVIN, J.—The plaintiff is entitled to costs unless a justice of the peace would have had jurisdiction. (*Code, Sec.* 304, *Subd.* 3.) By section 54, a justice of the peace has no cognizance of a matter of account where the sum total of the account of both parties, proved to the satisfaction of the justice, shall exceed $400.

If in fact, the sum total of the accounts of the parties does exceed $400, it is not necessary that the action be first brought in a justice's court, and that the amount of the accounts should be there shown by proof to exceed $400. (3 *Abb.* 365.)

The defendants' counsel insists that the account of the plaintiff for work had been reduced by *payments* so that the sum owing to him was $40 87, and that that so appears from the plaintiff's complaint. If this construction of the complaint is correct, then the sum total of the accounts did not exceed $400, it would be but $40 87.

Payments extinguish the claim or demand of the creditor *pro tanto.*

But should the complaint be so construed? Stated shortly, the allegations of the complaint are that the plaintiff rendered labor and services to the defendants, at agreed prices to the sum of $450. It is then admitted (say alleged) by the plaintiffs, that the defendants have a *counter-claim* or *set-off*, to the plaintiff's account of $409 13, leaving an amount due the plaintiff of $40 87, which has not been paid.

I do not think, we should be justified in saying that the complaint shows that any part of the plaintiff's account or demand had been paid, or that there had been any settlement between the parties, or that any balance had ever been struck. Indeed, the plaintiff proceeds to say that he had demanded an accounting and settlement which had been refused by the defendants, as appears from the complaint, the plaintiff's account for work and services was $450, and the counter-claim or set-off of the defendants was $409 13.

These being the facts, a justice of the peace would have no jurisdiction.

If the complaint had shown that the parties had settled the accounts and struck a balance, then the action could have been maintained in a justice's court, or if the complaint had shown that the defendants had from time to time

made *payments*, thus extinguishing the account *pro tanto*, then the action for the amount unpaid could have been tried in justice's court. I do not think, that on the motion for re-adjustment of costs, that I can consider the affidavits produced showing the course of dealing between the parties The counsel cites *Crim* agt. *Cronkhite*, (15 *How.*, 250), as a case where affidavits were made, but it appears in that case that the facts stated in the affidavits were proved on the trial. In this case there was no testimony other than the pleadings.

In the case just cited, the referee found the amount of the defendant's account against the plaintiff, by way of "*payment* and counter-claim." It appears that a certain sum was *paid* in money *towards the plaintiff's labor*, and deducting this sum, the accounts were reduced below $400.

The counsel for defendants cites *Hoodless* agt. *Brundage*, (8 *How.*, 263). The action was upon a note upon which payments had been made.

The plaintiff in his complaint, admitted that a certain other sum or account should be allowed, and he claimed judgment for $95 85. The defendant denied the complaint, and claimed a much larger account in his favor than that admitted in the complaint. The recovery was $5 20. The defendant proved his account amounting with interest to $253 48, and this was the only matter in dispute, and with the claim of the plaintiff, the judge says, was not sufficient to deprive the justice of jurisdiction. Justice HARRIS cites (10 *Wend.*, 556, *and note*), a case where the accounts exhibited on the trial exceeded $400, but the evidence shows specific payments which were not an account valid as a set-off. The case in the note, (10 *Wend.*, 557,) was a case of *payment* and not set-off, and the court held that, though the claim established on the trial exceeded $200, (this was under the Revised Statutes,) and that it being reduced by *payment* below $50, the plaintiff could not have costs, but if it had been reduced by set-off, then he would be

entitled to costs. I have looked into *Glaskin* agt. *Green*, (52 *Barb.*,) cited by counsel, and some other cases. There is no conflict in these cases. In this case, the counsel puts. the construction upon the complaint as admitting payments. on his account, reducing it below $50.

The admission is that the defendants have a *counter-claim*. or *set-off*, and the plaintiff asked judgment for the balance. . Suppose, the defendants had denied the complaint and had. not plead a counter-claim or set-off, what would have been. the condition of the plaintiff? If the demands of the: defendants were counter-claim or set-off, the plaintiff had no power to apply them in the reduction of his account. If the defendants refused to plead and prove their counter- claim or set-off, they could have sued and recovered the. whole amount, and if the plaintiff had contented himself . with a judgment for the balance, he might be subjected to great loss.

He, however, stated the facts showing that a justice had no jurisdiction, and the defendants admitted the facts, and the judgment has been justly rendered for the balance.,

If the defendants intended to make the question now raised, they should have answered that they had *paid* the sums on account of the plaintiff's work, and not admitted that they had an account by way of counter-claim or set-off.

I think, the costs have been properly adjusted against the: defendants, and the motion must be denied.