MICHAEL SHERRY, Appellant, *v.* JOHN C. CARY, Respondent.

Plaintiff's complaint in an action in a court of record contained seven causes of action, aggregating $552.50, besides interest. The answer, besides a general denial, set up two counter-claims, aggregating $561.26, besides interest. These grew out of transactions in no way connected with plaintiff's causes of action, and had not in any way been applied by the parties in reduction of plaintiff's claim. Upon the trial the parties gave evidence in support of each of their respective claims. The jury brought in special findings for the plaintiff on three of the causes of action amounting to $657.84, and for defendant on one of his counter-claims $634.26; balance in favor of plaintiff $23.59. Under the direction of the trial court they rendered a general verdict for the plaintiff for $23.59. *Held*, that the causes of action and counter-claim so established were subsisting accounts between the parties within the meaning of the provision of the Code of Civil Procedure (§ 2863, subd. 4), declaring that a justice of the peace shall not take cognizance of a civil action "where in a matter of account, the sum total of the accounts of both parties, proved to the

satisfaction of the justice, exceeds $400," and as, therefore, the action could not have been commenced and tried in a Justice's Court, the plaintiff was entitled to costs. (§ 3228, subd. 3.)

*Sherry* v. *Cary* (23 J. & S. 253) reversed.

(Submitted November 27, 1888; decided December 4, 1888.)

Appeal from order of the General Term of the Superior Court of the city of New York, made December 6, 1887, which affirmed two orders of Special Term, one denying a motion on the part of plaintiff to vacate a judgment for defendant's costs herein, and for a direction to the clerk to tax plaintiff's costs and enter them in the judgment; the other denying a motion for a retaxation of the costs. (Reported below, 23 J. & S. 253.)

The nature of the action and the material facts are stated in the opinion.

*Edward P. Wilder* for appellant. The plaintiff is entitled to costs, because the action is one of which no justice of the peace could have taken jurisdiction. (Code, §§ 2863, 3228, subd. 4.) In determining the right to costs, the test question is whether defendant's counter-claims should be regarded as payment or as offsets. (*Fuller* v. *Conde*, 47 N. Y. 89; *Lablanche* v. *Kirkpatrick*, 8 Civ. Pro. 343; *Stillwell* v. *Staples*, 3 Abb. 365; *Boston Mills* v. *Eull*, 1 Sweeney, 359; *Gilliland* v. *Campbell*, 18 How. 177; *Glackin* v. *Zeller*, 52 Barb. 147; Code, § 2863, subd. 4; *Griffin* v. *Brown*, 35 How Pr. 372; *Crim* v. *Cronkhite*, 15 id. 250; *Burdick* v. *Hale*, 17 Week. Dig. 279.) For all purposes of determining which party is entitled to costs, the words "mutual accounts" have been treated as equivalent to reciprocal demands without regard to the nature of the demands, or whether they were proper subjects of bookkeeping or not. (Angell on Lim. 136; *Brady* v. *Durbrow*, 2 E. D. Smith, 78–81; *Ward* v. *Ingraham*, 1 id. 538; *Ex parte Mills* v. *N. Y. C. P.*, 10 Wend. 557; *Hayes* v. *O'Reilly*, 8 Civ. Pro. 357.

*G. Washbourne Smith* for respondent. A Justice's Court had jurisdiction of the alleged causes of action. (*Spring Valley S. L. Co.* v. *Jackson*, 2 Sandf. 622; *Ex parte Mills* v.

*N. Y. C. P.*, 10 Wend. 557.) The plaintiff was bound to show before the clerk, as taxing officer, not only that the sum, total of the accounts, as set forth exceeded $400, but also that the sum total of the accounts of both parties, actually proved upon this trial, was in excess of $400. (Code of Civ. Pro. § 2863, subd. 4; *Thompson* v. *Green*, 82 N. Y. 619; 21 Hun, 259; *Brady* v. *Durbrow*, 2 E. D. Smith, 78; *Fuller* v. *Conde*, 47 N. Y. 89; *Griffin* v. *Brown*, 35 How. Pr. 372.)

EARL, J. This action was commenced in the New York Superior Court, and the complaint contained seven causes of action, aggregating $552.50, as follows:

| | |
|---|---:|
| 1. For commission on sale of real estate........ | $135 50 |
| 2. On promise to pay plaintiff his debt against third person if he would not sue.......... | 157 00 |
| 3. For money loaned......................... | 25 00 |
| 4. For procuring tenant...................... | 50 00 |
| 5. For money expended...................... | 63 00 |
| 6. For services as to Vanderbilt's house......... | 50 00 |
| 7. For services in procuring tenant............ | 72 00 |

The answer, besides denials, set up two counter-claims, aggregating $561.26, as follows: For work done, $376.06; money received by plaintiff to defendant's use, $185.20. The jury rendered a verdict in favor of the plaintiff for $23.59. Both parties claimed the costs of the action. They were taxed in favor of the defendant, and the question for our determination is which party was entitled to them?

Upon the trial the plaintiff gave evidence to support each of the causes of action alleged in the complaint, and the defendant gave evidence to support each of the counter-claims alleged in the answer. It is undisputed that the jury came into court with their verdict in the following form: "We find for the plaintiff on the first claim, with interest, $244.34; on the second claim, $283.50, and the seventh claim, $130. We find for the defendant on the first claim, with interest, $634.26, balance in favor of the plaintiff, $23.59." Under the direction

of the trial judge the jury rendered a general verdict in favor of the plaintiff for the balance, $23.59. Upon these facts it is clear that the plaintiff was entitled to the costs of the action.

It is provided, in subdivision 4 of section 2863 of the Code, that a justice of the peace cannot take cognizance of a civil action "where, in a matter of account, the sum total of the accounts of both parties proved, to the satisfaction of the justice, exceed $400;" and in subdivision 3, of section 3228, it is provided that the plaintiff, upon a recovery by him in a court of record, shall be entitled to the costs of the action, of course, in such a case. It was incumbent upon the plaintiff herein to show, before he could have the costs taxed in his favor, that the sum total of the account proved, to the satisfaction of the jury, by both parties, exceeded $400. This he did by the affidavits of his attorney, and abstracts from the stenographer's minutes of the trial. It is true that the trial judge did not permit a special verdict to be entered specifying the different items which entered into the general verdict, and the precise mode by which it was reached. But, nevertheless, the jury came into court and rendered the special findings above mentioned, and they were in no way set aside or annulled by any subsequent action of the jury. The result of the special findings was finally entered as their verdict. This was most satisfactory evidence to show that accounts, aggregating more than $400, had been proved to the satisfaction of the jury.

The counter-claims alleged by the defendant grew out of independent transactions with the plaintiff, were in no way connected with the causes of action alleged in the complaint, and had not, in any way, been applied by the parties in reduction of the plaintiff's claims. Therefore, the causes of action alleged in the complaint, and the counter-claims alleged in the answer, were, at the time of the trial, so far as they were established by proof, subsisting accounts between the parties within the meaning of subdivision 4, section 2863, of the Code, and the action could not have been commenced and tried in Justice's Court. (*Spring Valley S. & L. Co.* v.

*Jackson,* 2 Sandf. 622; *Ex parte Mills* v. *N. Y. Com. Pleas.,* 10 Wend., 557; *Lablache* v. *Kirkpatrick,* 8 Civ. Pro. R. 256, 340; *Stilwell* v. *Staples,* 3 Abb. 365; *Boston Silk, etc., Mills* v. *Eull,* 1 Sweeney, 359; *Gilliland* v. *Campbell,* 18 How. 177; *Glackin* v. *Zeller,* 52 Barb., 147; *Ward* v. *Ingraham,* 1 E. D. Smith, 538; *Brady* v. *Durbrow,* 2 id. 78; *Fuller* v. *Conde,* 47 N. Y. 80.)

From the opinion pronounced at the General Term, it appears that costs were denied the plaintiff by that court, on the ground that he did not show before the clerk, as taxing officer, that the accounts proved, to the satisfaction of the jury, exceeded $400. But, as we understand the record, he did make that proof.\* \* \* \* And the clerk should have taxed the plaintiff's costs, and entered them in the judgment in his favor. (*Tompkins* v. *Greene,* 21 Hun, 257; affirmed in this court, 82 N. Y. 619.)

We are, therefore, of opinion that the orders of the Special and General Terms should be reversed, the judgment in favor of the defendant for costs vacated, and that the clerk should be directed to tax the plaintiff's costs, who should also recover his subsequent costs in all the courts.

All concur.

Ordered accordingly.

---

\*The omitted portion of the opinion states the substance of the proof on taxation.