### KEMP *v.* UNION GAS & OIL STOVE CO.

*(City Court of New York, Special Term.   June 27, 1892.)*

COSTS—RIGHT TO—AMOUNT IN SUIT.

Under Code Civil Proc. §§ 2863, 3228, providing that a plaintiff who recovers less than $50 in an action for a sum of money only is not entitled to costs if the action was one of which a justice of the peace had jurisdiction, and that a justice of the peace has no jurisdiction "where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400," where the referee, in an action on a money demand, finds that plaintiff proved his claim for less than $50, and that defendant proved no part of an alleged counterclaim, plaintiff is not entitled to costs.

Action by Clarence M. Kemp against the Union Gas & Oil Stove Company. Motions by both parties for an extra allowance of costs. Defendant's motion granted.

*Sidney J. Cowen*, for plaintiff.   *Hatch & Warren*, for defendant.

VAN WYCK, J.   The alleged cause of action was a money demand on contract for $374, and the answer was a general denial and an alleged counterclaim for $700. The referee finds, as matter of fact, that plaintiff has only proved $41.14 of his claim, and that defendant has not proved any part of his

counterclaim, and, as conclusion of law, that plaintiff is entitled to recover of defendant such sum of $41.14. It is conceded that the party entitled to costs should be granted an extra allowance, and the referee so certifies, and both parties now move for such allowance. The plaintiff's recovery being for less than $50, he is not entitled to costs, (Code, § 3228,) and the defendant is, (section 3229,) unless this action belongs to a class of which courts of justices of the peace have not jurisdiction. Section 2863, Code, subd. 4, specifies as one of such class "where, in a matter of account, the sum total of the accounts of both parties, proved to the satisfaction of the justice, exceeds $400." Whether such was the fact in this case must be determined by the facts found by the referee, as his finding is conclusive upon the parties for this purpose. *Fuller* v. *Conde*, 47 N. Y. 89. And it is incumbent on the plaintiff to show that a justice's court had not jurisdiction of the case. That is not done by proof that the sum total of the accounts claimed by both parties exceeded $400, for section 2863 of the Code has made the jurisdiction dependent upon the sum total of such accounts proved to the satisfaction of the justice, which means, in this case, to the satisfaction of the referee, who, however, finds that plaintiff has proved only $41.14 of his claim, and that defendant has failed to prove any part of his counterclaim; and hence it appears that the sum total of the accounts of both parties, as proved to the satisfaction of the referee, amount to only the sum of $41.14. The plaintiff's recovery was not reduced to this amount by reason of any allowance of defendant's counterclaim, or any part thereof, for the same was disallowed *in toto* by the referee. The plaintiff's account, as proved, was only $41.14, and the defendant's was nothing. It follows that the sum total of the accounts of both did not exceed $400, and hence that a justice's court had jurisdiction of the action; and, as plaintiff's recovery was less than $50, the defendant is entitled to costs. *Tomkins* v. *Greene*, 21 Hun, 257, affirmed in 82 N. Y. 619, on the opinion of the court below. The counsel for plaintiff relies on the case of *Sherry* v. *Cary*, 111 N. Y. 514, 19 N. E. Rep. 87, as an authority in support of his contention that plaintiff is entitled to costs, and hence should be granted an extra allowance; but in that case there was the specific finding that plaintiff had proved his claim of $657.85, and defendant his counterclaim for $634.26, and that plaintiff, therefore, was entitled to recover the balance of $23.59. Hence, in that case, the sum total of the accounts of both parties, as proved, certainly exceeded $400, for plaintiff's recovery was reduced to $23.59 by reason of the allowance of defendant's counterclaim, as proved, of $634.26; and so that case was not within the jurisdiction of a justice's court, and the plaintiff was entitled to costs, although his recovery was for less than $50. But it is different in this case, for, as already stated, the sum total of the accounts of both parties, as found by the referee, amounted to only $41.14, and the case was therefore within the jurisdiction of a justice's court, and the defendant is entitled to costs. Defendant's motion for an extra allowance granted, and plaintiff's similar motion is denied.