(29 Misc. Rep. 564.)

## SMITH v. BRYANT.

(Supreme Court, Special Term, New York County. November, 1899.)

Costs—Action for Recovery of Money Only.

Under Code Civ. Proc. § 3228, subd. 4, providing that in an action for the recovery of money only the plaintiff shall not be entitled to costs unless he recovers judgment for $50 or more, and section 3229, providing that, where the plaintiff is not entitled to costs, the defendant is entitled to costs as of course, it was error, where verdict was rendered in favor of defendant on a counterclaim, for the clerk to refuse to tax his costs.

Action by Benjamin C. Smith against Alexander Bryant. Motion by defendant for a retaxation of costs. Granted.

Samuel C. Walters, for plaintiff.

Taylor & Seymour, for defendant.

SCOTT, J. Plaintiff sued in this court for the sum of $83.58 for goods sold and delivered. Defendant admitted not only the sale and delivery of the goods sued for, but also of other goods, aggregating in value, including the goods mentioned in the complaint, the sum of $127.41. He asserted, however, that plaintiff was indebted to him for goods sold and delivered to the amount of $169.71, and he asks for a judgment against the plaintiff for $42, with interest. Upon the trial the defendant succeeded, and a verdict was rendered in his favor for the sum of $42. Both parties presented to the county clerk bills of costs for taxation. The clerk decided that the plaintiff was entitled to costs, and taxed his bill, refusing to tax that of defendant. The latter now moves for a retaxation. It seems to be quite clear that the clerk erred. Subdivision 4 of section 3228 of the Code of Civil Procedure deals with actions other than those specified in the foregoing subdivision of the section, in which the complaint demands judgment for a sum of money only. This action is not one of those specified in either the first, second, or third subdivisions, and the complaint demanded judgment for a sum of money only. Hence this action is one of those provided for by subdivision 4. As to such actions the subdivision provides that "the plaintiff is not entitled to costs, under this subdivision, unless he recovers the sum of fifty dollars or more." The plaintiff recovered nothing, hence he is not entitled to costs. Section 3229 provides that the defendant is entitled to costs of course, upon the rendering of final judgment in an action specified in the last section, unless the plaintiff is entitled to costs as therein provided. This was an action specified in section 3228, and the plaintiff was not entitled to costs therein. Hence, under section 3229, the defendant was entitled to costs, and the clerk should have taxed his bill. It will not do to say that, because he set up a counterclaim, and recovered upon it, he assumed the position of a plaintiff, so far as affects the question of costs. As was said in Peet v. Warth, 1 Bosw. 653: "The legislature evidently intended to discourage the bringing of actions for small claims in the higher courts." The defendant brought no action, and did not trouble this court with his claim against plaintiff until compelled to do so in self-defense. The case cited by

the clerk as authority for his action has no application. Sherry v. Cary, 111 N. Y. 514, 19 N. E. 87. In that case the court held that the plaintiff was entitled to costs, although he recovered less than $50, because the several causes of action alleged in the complaint and in the counterclaim constituted subsisting accounts between the parties, within the meaning of subdivision 4 of section 2863, Code Civ. Proc., and, as they aggregated more than $400, the action could not have been tried in a justice's court. Hence the plaintiff was entitled to costs upon any recovery, although less than $50, under subdivision 3 of section 3228. But even in such a case the plaintiff is entitled to costs only when judgment is rendered in his favor. The present case differs from Sherry v. Cary in two important particulars. In the first place, the defendant, and not the plaintiff, has recovered a verdict, and, in the second place, the cause of action alleged in the complaint and counterclaim aggregated only $297.12. The clerk's taxation must be set aside, and he must be directed to tax the defendant's bill of costs, with $10 costs of this motion.

Ordered accordingly.