(54 App. Div. 17.)

LAMPHERE v. LAMPHERE.

(Supreme Court, Appellate Division, Third Department. September 25, 1900.)

COSTS—EXECUTORS AND ADMINISTRATORS—CLAIMS AGAINST ESTATE—REFERENCE —STATUTES.

> Code, § 2863, subd. 5, declares that a justice of the peace shall have no jurisdiction where the action is brought against an executor or administrator, except where the amount of the claim is less than $50, and has been duly presented and rejected. Section 3228, relative to costs in the supreme court, declares a plaintiff entitled to costs of course on the rendering of a judgment in his favor in the action specified in section 2863, subd. 5. Section 3229 declares that a defendant on final judgment shall be entitled to costs of course, unless the plaintiff is entitled to costs. *Held*, that where an action against an administrator to recover a rejected claim for less than $50 was brought in the supreme court, instead of in justice's court, as the plaintiff, under section 3228, was not entitled to costs, it was proper for the referee, under section 3229, to allow costs against plaintiff on a finding for him.
>
> Kellogg, J., dissenting.

Appeal from special term.

Action by Devere F. Lamphere against Alice D. Lamphere, administratrix with the will annexed of Burr W. Lamphere, deceased. From so much of the judgment in favor of plaintiff (64 N. Y. Supp. 1138) as awarded costs to defendant, plaintiff appeals. Affirmed.

The plaintiff in this action presented a claim of $48 to the defendant, as administratrix, etc., against the estate of her testator, and she duly rejected the same. It was thereupon referred under the statute, and the referee made his report, wherein he finds that the plaintiff is entitled to recover against the estate the sum of $46.50, and that the defendant is entitled to recover costs of the action against the plaintiff. He ordered judgment accordingly, and directed that the costs as taxed be set off against the plaintiff's claim. The costs were taxed by the clerk at $67, and judgment was entered pursuant to such direction, resulting in a recovery of $20.50 in favor of defendant against the plaintiff. A motion was made at special term, for an order setting aside such taxation and for a retaxation of the same, which was denied; and from such order of denial, and from so much of the judgment as awarded costs to the defendant, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

E. S. More, for appellant.
J. J. L. Baker and C. A. Hitchcock, for respondent.

PARKER, P. J. The question as to the right of the defendant to recover costs against the plaintiff is, I think, properly presented by the appeal taken from the judgment entered herein, and we are, therefore, required to pass upon that subject. By the amendment in 1893 to section 2718 of the Code, this proceeding must be deemed an action in the supreme court, and the plaintiff stands in the position of one in whose favor a final judgment in an action has been rendered; and the referee had all the powers concerning costs that are given to a referee in section 1022. Hustis v. Aldridge, 144 N. Y. 508, 39 N. E. 649; Henning v. Miller, 83 Hun, 406, 31 N. Y. Supp.

878; Fisher v. Bennett, 21 Misc. Rep. 178, 47 N. Y. Supp. 114; Adams v. Olin, 78 Hun, 309, 29 N. Y. Supp. 131. By section 3228 the plaintiff is entitled to costs of course upon the rendering of a final judgment in his favor in either of the actions specified in the several subdivisions of that section. The third subdivision specifies, as one of the actions in which he is entitled to costs as of course, the action specified in the fifth subdivision of section 2863 of the Code. That subdivision reads as follows: A justice of the peace shall have no jurisdiction "where the action is brought against an executor or administrator as such, except where the amount of the claim is less than the sum of fifty dollars, and the claim has been duly presented to the executor or administrator and rejected by him." That is to say, under the provisions of subdivision 3 of section 3228, in an action against an executor or administrator, the plaintiff, when final judgment is rendered in his favor, is entitled to costs as of course, unless the claim is less than $50, and has been duly presented and rejected. By subdivision 4 of such section 3228 it is provided that in an action other than one specified in the foregoing subdivisions of this section, in which the complaint demands judgment for a sum of money only, the plaintiff is entitled to costs of course when final judgment is rendered in his favor. But the plaintiff is not entitled to costs under that subdivision unless he recovers the sum of $50 or more. By section 3229 it is provided that in an action specified in the last section (viz. 3228) the defendant, upon the rendering of final judgment, is entitled to costs of course, unless the plaintiff is entitled to costs as therein prescribed. From these provisions it is claimed on the part of the defendant that she is entitled to costs in this action. She argues that, the plaintiff's claim being less than $50, he was not entitled, under either of the subdivisions of section 3228, to costs; and that, therefore, inasmuch as the plaintiff is not given costs by that section, the defendant has her costs of course, under the provisions of section 3229. The foregoing provisions of section 3228 awarding costs to a plaintiff are, however, when the defendant is an executor or administrator, limited by the provisions of sections 1835 and 1836, wherein it is provided that costs shall not be awarded against him in an action brought against him in his representative capacity, unless it appears that when the claim was presented to him by the plaintiff payment thereof was unreasonably resisted or neglected. If such facts appear, the court may render costs against the estate, or the executor, etc., personally; and, if the action is in the supreme court, these facts must be certified to by the judge or referee before whom the action is tried. Section 3246 provides that "in an action brought by or against an executor or administrator in his representative capacity, costs must be awarded as in an action by or against a person prosecuting or defending in his own right, except as otherwise prescribed in sections 1835 and 1836 of this act"; and under this section it has been held that, if the executor defeats the plaintiff's claim, he is entitled to costs against him as a matter of right. Adams v. Olin, 78 Hun, 309, 29 N. Y. Supp. 131.

Reading these several sections together, I reach the conclusion that the defendant's construction is the correct one. The scheme of the statute seems to be that the liability of a party to pay costs to an executor or administrator shall be fixed by the same provisions which control costs as between parties litigating in their own right, but that costs shall not be recovered against executors or administrators unless the unreasonable rejection of the claim referred to in sections 1835 and 1836 is made to appear. In the case at bar plaintiff's action is not such a one as entitled him to costs as of course, under either of the subdivisions of section 3228. By the clear provisions of section 3229, therefore, the defendant was entitled to recover them. It is true that, if plaintiff had recovered more than $50, he could not have had costs against defendant because of the provisions of sections 1835 and 1836; but nevertheless he would, in that event, have been entitled to them so far as the provisions of section 3228 were concerned, and hence no costs against him could have been allowed. This construction works no injustice to a party holding a claim of less than $50 against a deceased party. He may, within the prescribed time, present such claim to the executor or administrator, and, if rejected, he may at once sue it in a justice's court. If the executor offer to refer, the claimant may still decline the reference, and bring his action before the justice. If, however, he accept the reference, he will have elected to prosecute his claim in an action in the supreme court, and in that event he must pay costs to his opponent. In this respect he stands in no different position from that which any party occupies who seeks to enforce by judgment in a court of record a mere claim for money in an amount less than $50. In such an effort, whether it be against an executor or a defendant in his own right, the plaintiff must pay the costs. Had this plaintiff brought this action in a justice's court, no costs would have been rendered against him, and he would have been entitled to recover costs, except so far as he would have been prevented by sections 1835 and 1836. But he chose the method of a reference, which took him into the supreme court, and hence he must be controlled by the rules governing costs in that court. The plaintiff claims that his action is one mentioned in subdivision 3 of section 3228, because, although less than $50, it has never been rejected by the defendant. If this claim were correct, he would have been entitled as of course to costs, under section 3228, and the defendant would not have been entitled to them. But the claim is not sustained by the record. The written rejection therein appearing is clearly sufficient, and all that the statute requires. I am of the opinion that the decision of the referee was correct, and that the clerk properly taxed the costs as therein directed.

The judgment and the order should therefore be affirmed, with costs. All concur, except KELLOGG, J., who dissents.