## OSBORNE v. PARKER.

(Supreme Court, Appellate Division, Fourth Department.   November 12, 1901.)

1. ADMINISTRATORS—CLAIMS AGAINST ESTATE—JURISDICTION OF JUSTICE OF THE PEACE.

Under Code Civ. Proc. § 2863, as amended by Laws 1895, c. 527, giving a justice jurisdiction of demands against an executor or administrator where the amount of the claim is less than $50, the amount of the claim, for the purpose of determining the jurisdiction, is fixed by the demand as presented to the administrator, notwithstanding an independent valid demand against the claimant in favor of the estate, and which the administrator may plead as a counterclaim, and that it may be reduced by the counterclaim to less than $50 does not affect claimant's right to costs on reference by surrogate.

2. SAME—VERIFICATION OF CLAIM.

The purpose of the provision of Code Civ. Proc. § 2718, authorizing an executor or administrator to require a claimant to support his claim by his affidavit "that no payments have been made thereon, and that there are no offsets against the same to the knowledge of the claimant," is to prevent imposition upon the estates of decedents, and a claimant is not required to specify in his affidavit an independent demand conceded to be due from him to the estate, but which the administrator may or may not plead as a counterclaim, at his option.

3. SAME—COSTS OF REFERENCE—AUTHORITY OF REFEREE TO ALLOW.

Code Proc. § 317, providing that on a reference the prevailing party shall be entitled to recover costs, was expressly retained when such Code was repealed (Laws 1880, c. 245, § 3, subd. 8), and is applicable to a reference for hearing on a claim against an estate; and an order of a referee determining that the claimant is the prevailing party, and allowing his disbursements, cannot be set aside on motion by the special term, but can only be reviewed for error on an appeal.

Appeal from special term, Genesee county.

Proceeding by Mary Osborne against Sarah E. Parker, as administratrix, etc., of Franklin J. Parker, deceased.   Appeal from an order of the special term granting costs in this action in favor of defendant and against plaintiff, and directing the clerk to retax the disbursements allowed by him to plaintiff, by disallowing the same, and that judgment theretofore entered be corrected accordingly. Reversed.

The plaintiff presented a claim of $114, besides interest, for use of a right of way, to the defendant, who was the administratrix of the goods, etc., of her deceased husband.   The claim was rejected, and upon the written agreement of the parties an order of reference was entered, with the approval of the surrogate, and a trial had before a referee.   The referee allowed the claim of the plaintiff in full, but he reduced it by reason of the promissory note held by the defendant against the plaintiff and one Nehemiah Osborne, and on which there was concededly unpaid at the time of the trial $113.06, leaving due the plaintiff $9.18, for which the referee awarded judgment, "besides the referee's and stenographer's fees and the disbursements of the action," which were subsequently taxed by the clerk at $152.01, and included in the judgment.   The plaintiff, upon presenting her claim, accompanied it by her affidavit, verifying that it was justly due; that "no part of the same has been paid; and that there are no counterclaims thereto, to the knowledge of deponent."   At the time of the presentation of the claim the note was a due, subsisting demand against the plaintiff and said Osborne, and was in the custody of the defendant's attorney, H. B. Cone, who was acting in her behalf in this action.   The referee finds that at the time of the presentation of the claim "the said Cone, agent and attorney for the defendant,

was asked by the agent of the plaintiff, Nehemiah Osborne, one of the makers of the note, whether he wanted the note paid then, and that said attorney and agent of said defendant intimated that said note might wait the result of the reference to be taken upon the claim presented by the plaintiff, and that the claim need not be paid now, meaning at that time; that thereafter the aforesaid stipulation of reference was made and signed by the respective parties; that in entering into said stipulation the plaintiff relied upon aforesaid statements of said attorney and agent of the defendant; that during the trial of this action before me the said attorney for the defendant introduced the note as a counterclaim; that thereupon the plaintiff, in open court, offered to pay the amount due upon said note, and made a tender in open court on September 28, 1900, of one hundred and ten dollars and fifty cents, the amount then due upon said note, which was not accepted."

Argued before ADAMS, P. J., and McLENNAN, SPRING, and WILLIAMS, JJ.

Frank N. Ballard, for appellant.

H. B. Cone, for respondent.

SPRING, J.　The amendment to section 2863 of the Code of Civil Procedure, giving a justice of the peace jurisdiction ·of a demand against an executor or administrator, was added by chapter 527 of the laws of 1895, and vests that official with authority "where the amount of the claim is less than the sum of fifty dollars, and the claim has been duly presented to the executor or administrator and rejected by him." Is the claim in the present case the one presented and rejected, or the amount of that claim less the counterclaim allowed by the referee?

The counterclaim was for borrowed money, was entirely independent of the claim presented, and existed against the plaintiff and one Osborne. It was optional with the defendant whether this was offered as a counterclaim. The defendant might elect to sue the two makers of the note in a separate action, preferring to recover judgment against both of them than risk the hazard of collecting against the plaintiff. The defendant had disputed the claim presented, and the controversy upon the trial was wholly over that demand. If the defendant succeeded in defeating that demand, she probably could not recover any affirmative judgment against the plaintiff. Mowry v. Peet, 88 N. Y. 453; Eldred v. Eames, 115 N. Y. 401, 22 N. E. 216. And, even if that were possible, she might not desire it. The plaintiff, by admitting the validity of the note, could not confer jurisdiction upon the justice. The defendant had control of the counterclaim, not the plaintiff or the justice. If the counterclaim had exceeded the claim presented by $40, and Osborne, the other maker of the note, had resided in Suffolk county, and all the note except the $40 had been allowed as a counterclaim against the protest of the defendant, and applied in extinguishment of the plaintiff's claim, if the plaintiff were irresponsible that determination would leave the defendant to recover the balance due upon the note in a suit in justice court against Osborne in the county of Suffolk. The court would have no right to put the defendant to that extremity against her will. The point is that, where the person sued upon a demand has a claim not arising out of the transaction which gave birth to the cause of action sued upon, there is no obligation that the

defendant must have his claim determined in the forum chosen by the plaintiff. Jurisdiction cannot be bestowed upon a court of limited power to determine a demand where that jurisdiction depends upon an admission of a claim of this kind. The defendant has the sole dominion over his claim, and it rests with him to present .it or ·not, as he likes. It does not become 'a counterclaim until he con-:sents to make it so. If the plaintiff in this case had brought her action in a justice's court, and proved her claim, and rested, a dis-.missal of her cause of action would have followed because not within.the jurisdiction of the justice. If she had admitted the claim, and sued for the balance, the defendant could still have refused to sub-mit the validity of her claim to be determined. She might not wish to have it complicated with the one she was contesting, and it could not be dragged in without her consent.

The soundness of this conclusion is well illustrated by another subdivision of this same Code section. A justice of the peace has no jurisdiction where "the sum total of the accounts of both parties proved to the satisfaction of the justice exceeds four hundred dollars." Code Civ. Proc. § 2863, subd. 4. In construing this provision, or rather a like provision in the Revised Statutes, the courts . have repeatedly held jurisdiction was not conferred by the plaintiff admitting the demand of the defendant as a set-off or counterclaim, where the two claims exceeded $400. In Lund v. Broadhead, 41 How. Prac. 146, the plaintiff sued in supreme court on a claim of $450, and admitted that the defendant had a counterclaim or set-off to the plaintiff's account amounting to $409.13. On the trial he recovered $40.87, and costs were taxed in his favor. On the motion for their readjustment, on the ground that the justice of the peace had jurisdiction, Judge Marvin, in a well-considered opinion, held that the admission of the counterclaim did not bring the action within the compass of a justice of the peace; that only by payments, or where it appeared by the complaint "that the parties had settled the accounts and struck a balance," could the action be maintained in a justice's court. The learned judge says at page 150:

"The admission is that the defendants have a counterclaim or set-off, and the plaintiff asked judgment for the balance. Suppose the defendants had denied the complaint, and had not pleaded a counterclaim or set-off, what would have been the condition of the plaintiff? If the demands of the defendants were counterclaim or set-off, the plaintiff had no power to apply them in the reduction of his account. If the defendants refused to plead and prove their counterclaim or set-off, they could have sued and recovered the whole amount, and, if the plaintiff had contented himself with a judgment for the balance, he might be subjected to great loss."

See, also, Griffen v. Brown, 35 How. Prac. 372; Sherry v. Cary, 111 N. Y. 514–517, 19 N. E. 87; Lablache v. Kirkpatrick, 8 Civ. Proc. R. 340; Hayes v. O'Reilly, published, in connection with case last cited, at page 347.

It is contended that, inasmuch as the Code of Civil Procedure (section 2718) provides that the executor or administrator may require the claimant to support his claim by his .affidavit "that no payments have been made thereon, and that there are no offsets against the same to the knowledge of the claimant," the real claim is the

sum unpaid after deducting whatever offsets or counterclaims may exist. This provision was operative long before the amendment of the Code of Civil Procedure mentioned giving courts of the justice of the peace jurisdiction in entertaining claims under $50 against an executor or administrator. See 2 Rev. St. (1852; 4th Ed.) p. 274, pt. 2, c. 6, § 40 (35). The object of this requirement is to prevent imposition upon estates of decedents, not to confer jurisdiction upon a court. To quote from Dayton on Surrogate's Practice, at page 126:

"The object of requiring the affidavit of the creditor is not to prove the existence of the debt, as it is not evidence for that purpose. But it is to prevent the exhibition of fictitious claims against the estate of the decedent which have been discharged by him in his lifetime, and also to prevent the allowance of claims against which there existed a legal offset, known only to the party presenting such claim, and ·which those who are interested in the estate of the decedent may be unable to establish by legal proof."

If the plaintiff had sued her claim before a justice of the peace, admitting in her complaint the validity of the counterclaim, and the defendant had answered by a general denial, the latter could have sued the admitted counterclaim, recovered a judgment thereon, and collected it, perhaps during the pendency of the action in justice's court. In that event, it would not be contended that the justice had jurisdiction unless the plaintiff were willing to relinquish the major part of her demand. During the pendency of this action before the justice of the peace she might have sold the note, vesting a· good title in the purchaser. These rights arise from the fact that it was not within the purview of any court until she chooses to bring it there. ·

The rule which governs as. to payments is not applicable to a case of this kind. In an action brought upon a claim, where payments have been made, the defendant must prove them, or lose the benefit of them.

While of no especial import, the conduct of the defendant indicates that there was no intention to present this note as a counterclaim. The plaintiff was willing to pay it when she presented her claim, but the attorney for the defendant said payment could be deferred until the claim rejected could be disposed of. The defendant attempted to make an offer of judgment, which was a nullity, because not in compliance with section 738 of the Code of Civil Procedure. The amount stated in the offer was $30. Certainly this could not have meant $30 above the counterclaim, because there was less than the sum of $10 due the plaintiff, if defendant's note was to be deducted. At that time the defendant obviously was expecting a reduction of the plaintiff's claim, and was seeking to ward off costs or disbursements in the event the plaintiff was partially successful on the claim presented. If the plaintiff had accepted this offer, it could not be claimed that by so doing she would have extinguished the counterclaim. We are accordingly satisfied that a justice of the peace could not have taken cognizance of this action.

We have very grave doubts as to the right of the special term to interfere with the decision of the referee by expunging the disburse-

ments he allowed, and interpolate costs on behalf of the defendant. We appreciate that costs in an action at law are a matter of right, and that in a great measure the same rule obtains as to their allowance by a referee upon a statutory reference as upon an action commenced. This is not entirely so, however. If the plaintiff succeeds, he cannot recover costs against an executor or administrator, unless the claim has been unreasonably resisted or neglected (Code Civ. Proc. § 1836), and even then there is a discretionary power to determine whether they shall be awarded out of the property of the decedent, or visited upon the defendant personally. Id. To be sure, the rule is that if the plaintiff is not entitled to costs the defendant may recover them. Adams v. Olin, 78 Hun, 309, 29 N. Y. Supp. 131; Lamphere v. Lamphere, 54 App. Div. 17, 66 N. Y. Supp. 270. If the sections of the Code governing costs generally are applicable to this case, then the attempt of the referee to allow the plaintiff her disbursements was a nullity, and in that respect his decision could be ignored. There is, however, an independent provision still in force as to disbursements upon references of this kind. Section 317 of the Code of Procedure provided that on a reference pursuant to statute "the prevailing party shall be entitled to recover the fees of the referees and witnesses and other necessary expenses to be taxed according to law." This power was expressly retained by the legislature upon repealing the Code of Procedure (Laws 1880, c. 245, § 3, subd. 8), and the original Code provision is still in force. Niles v. Crocker, 88 Hun, 312, 34 N. Y. Supp. 761; Larkins v. Maxon, 103 N. Y. 680, 9 N. E. 56. In Whitcomb v. Whitcomb, 92 Hun, 443–447, 36 N. Y. Supp. 607, while the plaintiff was not allowed costs against the administrator, because of the absence of the certificate of the referee that the claims presented were unreasonably resisted or neglected, he was still permitted to recover his necessary disbursements; thus recognizing the existence of the rule we are contending for. On such a reference the authority of the referee, pursuant to this provision, is confined to determining who is the prevailing party, and allowing disbursements to that party. If the referee possesses any discretion whatever over the matter of costs, the only method by which its exercise can be challenged is by appeal. Rosa v. Jenkins, 31 Hun, 384. It is not the province of a court on motion to correct the errors of a judge or referee committed on the trial of an action. The remedy for the review of such errors is by appeal. Stannard v. Hubbell, 123 N. Y. 520, 25 N. E. 1084; Jenkinson v. Harris, 27 Misc. Rep. 714, 59 N. Y. Supp. 548.

The order should be reversed, with $10 costs and the disbursements of this appeal. The motion for retaxation at special term should be denied, and the original taxation, allowing disbursements in favor of the plaintiff, restored, and the judgment corrected accordingly. So ordered.

ADAMS, P. J., and McLENNAN, J., concur. WILLIAMS, J., concurs on first ground discussed.