(99 App. Div. 294)

### DOMEYER v. HOES, Public Adm'r.

(Supreme Court, Appellate Division, First Department.   December 9, 1904.)

**1. ADMINISTRATORS—FAILURE TO PAY CLAIMS—COSTS.**

Under Code Civ. Proc. § 1836, providing that, where plaintiff's demand was presented within the time limited by notice, and the payment thereof was unreasonably resisted or neglected, the court may award costs against an executor or administrator, plaintiff is not entitled to costs unless the claim has been unreasonably resisted, and then the award of costs is discretionary with the referee.

**2. SAME—REFERENCE—ERRONEOUS EXERCISE OF DISCRETION—REVIEW.**

The only method by which the exercise of a referee's discretion in the allowance of costs against an administrator under Code Civ. Proc. § 1836, permitting such allowance when a claim has been unreasonably resisted or neglected, is by an appeal from the judgment entered on the report, and any error of the referee therein cannot be corrected upon motion.

Appeal from Special Term, New York County.

Reference of a disputed claim against a decedent's estate by Charlotte Domeyer and William M. Hoes, public administrator of the county of New York, as administrator of Frederick Domeyer, deceased. From an order modifying the certificate of a referee awarding costs and disbursements and striking from his report provisions therefor, the public administrator appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George H. Fletcher, for appellant.
Charles C. Sanders, for respondent.

McLAUGHLIN, J. On the 31st of January, 1900, Frederick Domeyer died intestate, and letters of administration were, on the 4th of April following, issued to the defendant, the public administrator of the county of New York. After the appointment of the defendant as such administrator, notice to creditors was duly published, which required them to present their claims against said estate to the administrator at a time and place named on or before the 17th day of August, 1900. The plaintiff did not present any claim within the time limited by the notice, nor until July 11, 1903, when she presented a claim against the deceased's estate for $30,955.06, with interest from January 31, 1900. The claim was rejected by the administrator, and subsequently an agreement was entered into by which the matter was referred to a

¶ 1. See Executors and Administrators, vol. 22, Cent. Dig. § 921.

referee to pass upon the validity of the same. The agreement on which the order of reference was made contained a stipulation to the effect that the costs of the successful party were not to exceed the referee's and stenographer's fees. The referee, after hearings had before him, found that the plaintiff was entitled to recover $13,951, which included interest. He also found that "the defendant, in resisting the claim as filed, has neither been unreasonable nor neglectful, and has done his full duty. As, however, no consent had been filed by him at any time under section 1822 of the Code, costs may, under the provisions of section 1836 of the Code, be awarded to the plaintiff, and, in view of all the circumstances of the case, I have concluded to allow costs to the plaintiff." And as a conclusion of law he found that the claimant was entitled to recover "her costs of this action in addition to her disbursements and the referee's and stenographer's fees to be taxed, all to be paid by said administrator out of the assets in his hands as an expense of the administration of decedent's estate before the distribution of the estate among creditors"; and "that the judgment to be entered * * * should provide for the payment of the plaintiff's costs and disbursements as a prior and preferred charge upon the assets of the decedent's estate." After the report of the referee had been made, the defendant made a motion to strike therefrom the provisions thereof awarding costs and disbursements. The motion was granted by modifying the referee's report by striking therefrom "any provisions for costs and disbursements except the disbursements for referee's and stenographer's fees," and directing that the judgment to be entered on said report should not provide for the payment of any costs or disbursements to the plaintiff, except the amount of the referee's and stenographer's fees. The defendant appeals.

The order must be reversed. The Special Term had no power to change the report of the referee as to costs. The right to costs had to be determined by the referee. Section 1836, Code Civ. Proc. Under the section of the Code cited the plaintiff was not entitled to costs unless the claim had been unreasonably resisted or neglected, and even then it was discretionary whether the referee would award costs against the decedent's estate or against the defendant personally. The referee having discretion as to the award of costs, the only method by which its exercise can be challenged is by an appeal from the judgment. Woodford v. Bucklin, 14 Hun, 444; Rosa v. Jenkins, 31 Hun, 384; Osborne v. Parker, 66 App. Div. 277, 72 N. Y. Supp. 894. The court could not, upon a motion, correct the error of the referee, if one were made. That can only be done by a direct appeal from the judgment entered on such report. It is difficult to see, in view of the provisions of the section of the Code referred to and the finding of the referee, how costs could be awarded against the defendant. This section provides that the court may award costs where it appears that the plaintiff's demand was presented within the time limited by a notice published as prescribed by law, requiring creditors to present their claims, and the payment thereof was unreasonably resisted or neglected. This claim was not presented within the time limited by the notice requiring creditors to present their claims, and the referee found that the defendant, in resisting the claim, had neither been "unreasonable nor neglectful and

has done his full duty." However, this question is not now before us, and we do not now pass upon it. Whether the plaintiff is entitled to any costs or disbursements under the stipulation by law can only be determined on appeal from the judgment entered on the report of the referee as made by him.

It follows that the order appealed from must be reversed, with $10 costs and disbursements to the appellant, and the motion denied, with $10 costs to the respondent. All concur; VAN BRUNT, P. J., in result.