the collection of any fine which might be imposed (section 23, etc.); and, just as I am reasoning here that the mere use of the word "penalty" in the ordinance is not decisive against the employment of a criminal prosecution, so the use of the word "fine" under certain sections of the charter would not have been prohibitive of a civil prosecution. I see no inconsistence in providing for this twofold form of punishment against a disorderly person. There will be nothing inconsistent between a criminal sentence, which, after imposition and nonpayment of a fine, confined the offender in the penitentiary until paid, and a civil prosecution in Municipal Court to collect the fine, and which, if successful, would operate as the payment to release the offender from confinement. It seems to me that the modification of this ordinance made since the Preston Case may be amply accounted for by a desire to so frame it that the language should not be prohibitive of a civil action when useful, and that it is not necessary or advisable to adopt a theory which will relegate the city of Buffalo to civil actions as the only means of punishing ordinary police cases of disorderly conduct.

The order should be reversed, and the writ dismissed.

STOVER, J., concurs.

---

(98 App. Div. 489)　　　　　In re GOSS.

### In re KETCHAM'S ESTATE.

(Supreme Court, Appellate Division, Fourth Department. November 23, 1904.)

1. EXECUTORS AND ADMINISTRATORS—ALLOWANCE OF CLAIMS—SUPPORT OF DECEDENT—CHARACTER OF PROOF REQUIRED.

　　Claims for support presented against the estates of decedents, especially when in favor of near relatives, should be examined very carefully, and should only be allowed upon the most satisfactory proof.

2. WITNESSES—COMPETENCY—TRANSACTIONS WITH DECEASED PERSONS.

　　Under Code Civ. Proc. § 829, an executor who has allowed and paid a claim against his decedent's estate is incompetent to testify as against a contestant of the claim, on the settlement of his accounts, as to conversations with testator's widow, since deceased, for whose support the claim was incurred.

3. EXECUTORS AND ADMINISTRATORS—SETTLEMENT OF ACCOUNTS—EVIDENCE—AFFIDAVITS OF CLAIMS.

　　Under Code Civ. Proc. § 2718, providing that an executor may require claimants to make affidavit that claims are due, that no payments have been made thereon, and that there are no set-offs, an affidavit stating the agreement out of which the claim arose should not be admitted to prove the existence of the claim on the judicial settlement of the executor's accounts.

4. LIMITATIONS—ACTIONS FOR BOARD.

　　A claim for boarding a person since deceased, under an agreement for weekly compensation, accrues, for purposes of limitations, from week to week, in the absence of an agreement deferring payment until death.

5. EXECUTORS AND ADMINISTRATORS—CLAIMS—DEFENSES.

　　It is the duty of an executor to assert the defense of limitations when presented against claims barred by limitations.

6. LIMITATIONS—NEW PROMISE—NECESSITY OF SIGNATURE.

Under Code Civ. Proc. § 395, providing that an acknowledgment of a promise contained in a writing, signed by the party charged, is the only competent evidence of a new or continuing contract, taking the case out of the operation of limitations, mere "looking over" an account and making a statement thereof—no paper being signed by the debtor—does not remove the bar of limitations.

Appeal from Surrogate's Court.

In the matter of the judicial settlement of the accounts of Chauncey P. Goss, as executor, etc., of Cornelius Ketcham, deceased. From a decree of the surrogate allowing certain claims, certain objectors appeal. Modified.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

W. C. Carroll, for appellants.

Charles McLouth, for respondent.

SPRING, J. The testator died in 1874, leaving a last will and testament, naming executors thereof, and the respondent is the only one now acting. Upon the judicial settlement of his account, objections were interposed to two items, both of which items were allowed by the surrogate. One of these, amounting to $2,221.25, was an account in favor of one De Mott, and which was paid by the executor. The contest to this claim was abandoned upon the appeal. The other claim, of $2,-204.70, in favor of Caroline A. Goss, the daughter of the testator and the wife of the executor, was for board and care of the widow of the testator, and for the board of nurses attending said widow. The claim was paid by the executor, and included in his account as one of the items to be credited to him in casting up the accounts. The widow of the testator died April 12, 1903, and the account of the claimant was formally presented to the executor shortly thereafter, and was paid by him April 30th of that year, and before the judicial settlement. The claim presented sets forth the items of the account, commencing November 30, 1893, and terminating on the death of the widow, and covers nearly the entire intervening period, and the charge is at the rate of $4 per week. It is accompanied by the affidavit of Mrs. Goss, setting forth that the services were rendered pursuant to an agreement made with Mrs. Ketcham, with the knowledge of the executor, and that the compensation fixed was the sum of $4 per week. The affidavit further states that no part of this claim has been paid. The account, running down, as it does, to the time of the death of Mrs. Ketcham, bears the unsigned indorsement, "The amount of time of my being with Carrie," which the executor testified was in the handwriting of Mrs. Ketcham. The claimant, in her affidavit, further says that about December 30, 1899, she and her mother "had a looking over, and made up a statement of time during which said Caroline Ketcham had been with deponent under said agreement," and that the account presented was prepared by the claimant in the presence of Mrs. Ketcham. A paper in the handwriting of Mrs. Ketcham, but not signed by her, concerning her visits, or some of the time she was with her daughter, also accompanies the account presented. The statement does not indicate that

¶ 6. See Limitation of Actions, vol. 33, Cent. Dig. §§ 593, 594.

she was paying for her board, does not evidence any agreement for compensating her daughter, and does not support the claim presented. During all the time that the widow was living with her daughter, the executor apparently had in his custody money or property out of which payment could have been made. Even the board of the nurses was not paid, but the charge therefor of $423.62 is incorporated in the account of Mrs. Goss. Mrs. Ketcham at the time of her death was 88 years of age. Notwithstanding her advanced age, the claimant, in her affidavit, says, as already noted, that the claim, including the day of her death, was prepared in her presence, and the time she was with the daughter assented to by the mother, although even in this indorsement there is nothing said in regard to compensation.

It is proper to observe at the outset that claims of this character against the estates of decedents, especially when in favor of near relatives, should be examined very carefully, and should only be allowed upon the most satisfactory proof. Matter of Marcellus, 165 N. Y. 70–76, 58 N. E. 796; Hart v. Tuite, 75 App. Div. 323, 78 N. Y. Supp. 154.

The only witness sworn on the hearing before the surrogate was the executor. In response to his counsel, and against the objection of the appellant, he was allowed to testify to conversations with Mrs. Ketcham tending to show that she agreed to pay $4 per week to her daughter for boarding her. We think the executor was an interested witness, and within the prohibition of section 829 of the Code of Civil Procedure. He had allowed the claim and paid it. The controversy consequently was between him and the contestant, and the original claimant was not a party to, or interested in, the proceeding. In Matter of Smith, 153 N. Y. 124, 47 N. E. 33, a claim of $2,000 had been presented to the executors, and paid by them. On the judicial settlement the claim was contested. One of the executors, in the face of the objection of the contestants, gave proof of a conversation between him and the testatrix showing the merit and validity of the claim. The Court of Appeals held that the executor was disqualified from testifying by section 829 of the Code of Civil Procedure. The court say at page 129, 153 N. Y., page 35, 47 N. E.:

"The executor, Alfred B. Smith, was precluded by this section from testifying to the conversations in question with the testatrix. The matter of the accounting was a special proceeding. The executors were the only persons interested in the event of the accounting as to this claim. They had paid Melinda Peters the $2,000, and the sole question was whether they were entitled to a credit for such payment. It was solely a question between the executors claiming to be allowed the credit and the contesting legatees."

The facts contained in the affidavit of Mrs. Goss should not be received in lieu of testimony given upon the trial. The form of the affidavit which may be required in support of a claim against the estate of a deceased person is prescribed by section 2718 of the Code of Civil Procedure. The affidavit must contain a statement that the claim is due, that no payments have been made, and that there are no offsets to it. The facts contained in Mrs. Goss' affidavit as to the agreement made with her mother extend beyond the requirements of the Code. The object of the affidavit is to prevent or check the presentation of unfounded claims, not to prove their existence. Osbourne v. Parker, 66

App. Div. 277–281, 72 N. Y. Supp. 894; Jessup's Surrogate's Practice, 1012, 1013.

The claim presented is for board and care at $4 per week, commencing November 30, 1893. There is nothing in the alleged agreement to the effect that the payments were to be deferred until the death of Mrs. Ketcham. The terms of the will, which will be referred to later, tend to negative any such inference. The claim for the services therefore accrued from week to week, as they were rendered, and an action could have been maintained on that hypothesis. Matter of the Application of Gardner, 103 N. Y. 533, 9 N. E. 306, 57 Am. Rep. 768. The greater part of the claim is therefore barred by the statute of limitations. It was the duty of the executor to assert this defense when the claim was presented. Butler v. Johnson, 111 N. Y. 204, 18 N. E. 643. The original agreement, it is claimed, was made with the sanction of the executor. He knew the day of the commencement of the claim, and that the services were due as they were rendered, so that he is without the pretext of lack of knowledge to justify his payment of the claim. The "looking over" the account in 1899, even if supported by competent evidence, would not remove the bar of the statute. The acknowledgment of a debt, to prevent the operation of the statute, must be signed by the debtor. Code Civ. Proc. § 395.

The will of the testator gave his widow the income from his estate. The executors were vested with the power to sell the real estate, and invest the avails, and pay over the interest to the widow. The will further provides:

"If my said wife should need for her necessary support any of the principal as well as the interest or income of the property herein given her, it is my will that she can use the same."

The real estate was sold. The account is not contained in the record, but it appears that the executor received April 1, 1902, from the sale of lands, $6,876. There is some evidence that the widow had an estate of her own. If that was ample to pay this claim, and she made no election to charge the corpus of the estate of her husband with her maintenance, it is doubtful if the claim, in any event, could be chargeable against this principal. There is not, however, sufficient proof in the record to warrant a disposition of the case upon this ground.

Decree as to the claim paid Clayton M. De Mott as administrator, etc., of Elmina De Mott, affirmed; as to the claim paid to Caroline Goss, reversed, and a new trial ordered, without costs to either party. All concur.